# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 22256405**
**Date Processed: 11/04/2020**

| | |
|---|---|
| Primary Contact: | Jacalyn Peter<br>Frontier Airlines, Inc.<br>4545 Airport Way<br>Denver, CO 80239-5716 |
| Electronic copy provided to: | Howard Diamond<br>Shannon Muir |

| | |
|---|---|
| Entity: | Frontier Airlines, Inc.<br>Entity ID Number  0485700 |
| Entity Served: | Frontier Airlines, Inc. |
| Title of Action: | Danyal Solomon vs. Frontier Airlines, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Kenton County Circuit Court, KY |
| Case/Reference No: | 20-CI-01522 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 11/02/2020 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Sheree E. Weichold<br>859-331-2000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

AOC-E-105   Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice   Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **20-CI-01522**

Court:   **CIRCUIT**

County: **KENTON**

Package:000002 of 000015

*Plantiff,* **SOLOMON, DANYAL ET AL VS. FRONTIER AIRLINES, INC.,** *Defendant*

TO:  **FRONTIER AIRLINES, INC.**
     **CORPORATION SERVICE COMPANY**
     **421 WEST MAIN STREET**
     **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*John C. Middleton*

Kenton Circuit Clerk
Date: **10/26/2020**

Presiding Judge: HON. KATHY LAPE (616337)

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

---

Summons ID: 288135519940981@00000935110
CIRCUIT: 20-CI-01522 Certified Mail
SOLOMON, DANYAL ET AL VS. FRONTIER AIRLINES, INC.



**eFiled**

Package : 000002 of 000015

Package:000003 of 000015

**COMMONWEALTH OF KENTUCKY**
**KENTON CIRCUIT COURT**
**DIVISION NO. ___**

| | | |
|---|---|---|
| **DANYAL AND AMELIA SOLOMON,** | : | |
| **Individually and on behalf of** | : | |
| **other similarly situated individuals,** | : | **CIVIL CLASS ACTION** |
| | : | |
| **Plaintiffs** | : | |
| | : | **Case No. 20-CI-** |
| **v.** | : | |
| | : | |
| **FRONTIER AIRLINES, INC.** | : | **JURY TRIAL DEMANDED** |
| **Serve: Corporation Service Company** | : | |
| **421 West Main Street** | : | |
| **Frankfort, KY 40601** | : | |
| | : | |
| **Defendant.** | : | |

Presiding Judge: HON. KATHY LAPE (616337)

## CLASS ACTION COMPLAINT

Plaintiffs, Danyal and Amelia Solomon, (hereinafter "Plaintiffs" or "Solomon") individually and on behalf of all others similarly situated, brings this action against Defendant Frontier Airlines, Inc. (hereinafter "Defendant" or "Frontier"), and alleges as follows:

### I.   INTRODUCTORY STATEMENTS

1.     Plaintiffs Danyal and Amelia Solomon, and members of Plaintiffs' class, (hereinafter "class members") are all persons who have been victimized by unfair, false, misleading, and/or deceptive acts or practices by Defendant to circumvent monetary refunds to which Plaintiffs and class members are lawfully entitled as a result of flight cancellations resulting from a novel coronavirus ("COVID-19" or "COVID"). Plaintiffs and class members seek relief for damages incurred as a result of Defendant's failure to refund money paid for Frontier flights that Defendant ultimately cancelled.

2.     Defendant misled Plaintiffs and class members in a way that was designed to avoid

Package : 000003 of 000015

its legal obligations to pay full refunds to Plaintiffs and class members for flights it cancelled, but for which it had received payment from Plaintiffs and class members. It did this by offering Plaintiffs and class members only an option to obtain a voucher and rebook a Frontier flight. However, Defendant concealed from Plaintiffs and class members their right to receive a full refund pursuant to law and internal policies. Nor did it inform Plaintiffs or class members that when Defendant cancelled flights, the monetary refund to Plaintiff and class members would have been automatic.

    3: Defendant's unfair, false, misleading, and/or deceptive acts or practices were mere pretext to circumvent its legal and contractual obligations to refund the cost of Plaintiffs and class members' airfares upon the occurrence of a force majeure event.

    4. Defendant, despite being aware of the requirement to issue said refunds, intentionally concealed this information from Plaintiffs and class members.

    5. Despite Defendant's offer to allow Plaintiffs and class members to rebook the canceled passage at any time until December 31, 2020, it did not allow Plaintiffs or class members to rebook the canceled flight within the allowed upon time frame, as stated in its offer.

    6. Defendant instead relied on its pre-COVID 90-day cancellation policy, which limited the allowable time Plaintiffs and class members could rebook a canceled flight to 90 days from the date of cancellation. This policy, when applied to Plaintiffs and class members flights, effectively denied Plaintiffs and class members' access to contracted-for services in the form of flights, as the pandemic's effect and limitations on travel extended far beyond this time frame.

    7. Defendant's unfair, false, misleading, and/or deceptive acts or practices violates the Kentucky Consumer Protection Act.

2

Package:000004 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package : 000004 of 000015

## II.    JURISDICTION AND VENUE

8.    Plaintiffs and class members seek equitable relief and damages under the Kentucky Consumer Protection Act, thus, this court has jurisdiction pursuant to KRS § 367.220.

9.    Venue is proper because a substantial part of the events or omissions which gave rise to the Plaintiff and class members' claims occurred within Kenton County, Kentucky.

10.    At all times relevant herein, Plaintiffs Danyal and Amelia Solomon were residents of Kenton County, Kentucky.

11.    At all times relevant herein, Defendant Frontier is a corporation organized under the laws of the State of Colorado with a principal place of business at 4545 Airport Way, Denver, Colorado 80239.

12.    At all times relevant herein, Defendant conducted business as a low fare carrier out of the Cincinnati International Airport ("CVG") located in Hebron, Kentucky.  The Kenton County Airport Board owns, maintains, and operates the Cincinnati/Northern Kentucky International Airport, and oversees the entire operation of the airport.

## III.    PARTIES

13.    Plaintiffs Danyal and Amelia Solomon are citizens and residents of Kenton County, Kentucky, and had purchased tickets for flights on Defendant's airline during the relevant time period.

14.    Defendant Frontier Airlines, Inc., is organized under the laws of the State of Colorado, and during the relevant time period, regularly operated flights out of the Cincinnati/Northern Kentucky International Airport (CVG), located in Kenton County, Kentucky, and otherwise regularly conducted business in the Commonwealth of Kentucky.

3

Package :000005 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package : 000005 of 000015

Filed                    20-CI-01522 10/26/2020                    John C. Middleton, Kenton Circuit Clerk

## IV.  FACTS

15.  On or about January 3, 2020, Plaintiffs Danyal and Amelia Solomon booked flights with Frontier Airlines for a trip to Cancun to celebrate their wedding anniversary.

16.  Danyal and Amelia Solomon were each an individual ticketholder for the flights, which were to depart on or about May 30, 2020.

17.  A novel coronavirus ("COVID-19") reached the United States in or around February 2020.  Due to the aggressive nature of COVID-19 and its serious adverse health effects, in late February, state and local governments across the country began issuing "stay-at-home" orders in an effort to slow the virus's spread.

18.  On or around March 6, 2020, the first case of COVID-19 was reported in Kentucky.

19.  On March 11, 2020, the World Health Organization declared COVID-19 a pandemic, and shortly afterwards, the United States declared a national emergency.

20.  On March 19, 2020, the Department of State issued a Global Level 4 Travel Advisory and advised U.S. citizens to avoid all international travel due to the global impact of COVID-19.

21.  On or about March 21, 2020 the U.S. Embassy and Consulates in Mexico informed the public of travel restrictions to the country. These restrictions limited the land border crossings to "essential travel." The Department of State does not consider tourism to be essential. These restrictions were scheduled to remain in effect until, at least, October 21, 2020.

22.  On March 25, 2020, Kentucky's Governor, Andy Beshear, issued Executive Order 2020-257 which not only directed individuals in Kentucky to stay home, but also closed non-essential businesses while granting exceptions for essential activities in the state.

23.  As a result of the COVID-19 pandemic, international and domestic travel has been

4

Package:000006 of 000015 · Presiding Judge: HON. KATHY LAPE (616337) · Package : 000006 of 000015

Filed                    20-CI-01522 10/26/2020           John C. Middleton, Kenton Circuit Clerk

impacted, as many countries closed their borders, and many states within the United States restricted travel and closed tourist attractions.

24.     The subsequent closures and stay at home orders drastically reduced domestic and international airline travel, resulting in some airlines suspending and cancelling flights.

25.     On or about April 1, 2020, Defendant Frontier announced it would be "cutting more than 90% of flight capacity nationwide in April."

### Named Plaintiffs Danyal and Amelia Solomon

26.     On or about January 3, 2020, Plaintiffs Danyal Solomon booked two tickets for passage with Frontier, for a May 30, 2020 trip from CVG to Cancun, Mexico for their fourth wedding anniversary.  The total sum of charges was $861.62.

27.     In response to the COVID pandemic, Defendant emailed Plaintiff on or about March 21, 2020, with an email subject line stating: "Cancel now and receive up to $100 in vouchers – important information about your upcoming flight!"

28.     Defendant's email invited Plaintiffs to proactively cancel their scheduled flights and offered a $50.00 voucher per passenger if Plaintiff would "cancel now."

29.     In addition to offering Plaintiffs vouchers in exchange for their e cancellation, Defendant also offered a travel "credit applicable to a future Frontier flight for the full amount of [his] unused ticket."

30.     Defendant's email also outlined conditions of its offer by stating that the credit would be automatically received within seven (7) days of cancellation for "future use" and further stating: "The best part is your travel does not need to be completed by Dec. 31 just booked!" These conditions appeared in the same paragraph of Defendant's email and did not include any additional temporal limitations on the use of the flight credits. Defendant intentionally concealed its

5

Package:000007 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package: 000007 of 000015

obligation to issue a full refund. Defendant did this with the intent to mislead Plaintiffs into believing they had no right to a refund.

31.     On March 23, 2020, induced by and relying upon Defendant's misleading offer described above, and further relying on Defendant's implicit misrepresentation that a refund was not an option, Plaintiffs canceled the flights to Cancun.

32.     In fact, Defendant cancelled Plaintiffs previously booked flight as a result of the pandemic.

33.     Defendant failed and refused thereafter to offer or provide Plaintiffs with refunds.

34.     On April 3, 2020, the U.S. Department of Transportation issued "Enforcement Notice Regarding Refunds By Carriers Given the Unprecedented Impact of the COVID-19 Public Health Emergency on Air Travel" which stated: "passengers should be refunded promptly when their scheduled flights are cancelled…"   It also stated, "The longstanding obligation of carriers to provide refunds for flights that carriers cancel or significantly delay does not cease when the flight disruptions are outside of the carrier's control."

35.     On or about June 1, 2020, the Mexican government began easing nationwide restrictions and started phasing in non-essential economic activities. To date, the CDC has categorized Mexico as a Level 3, High COVID-19 risk.

36.     On or about August 3, 2020, Plaintiffs contacted Frontier to rebook the flights consistent with the terms of the March 21, 2020 email.

37.     Defendant refused to apply the flight credits and explained that despite Defendant's March 21, 2020 offer, which permitted rebooking of canceled flights up until December 31, 2020, Plaintiffs' flight credits had expired.

38.     Defendant explained that its offer to rebook the flights was subject to a 90-day

Package:000008 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package : 000008 of 000015

cancellation policy. Defendant stated that because Plaintiffs proactively selected to cancel their flights, their policy mandated that the flights be rebooked within 90 days of cancellation.

39.   Frontier flights were not restored out of CVG until at least July 4, 2020, as identified in Paragraph 26. Induced by Defendant's offer, Plaintiffs canceled their flights on March 23, 2020; therefore, Defendant's rebooking policy rendered the proffered flight credits illusory and futile.

40.   Defendant's March 21, 2020 email, offering that Plaintiffs "cancel now," did not include any warnings, reminders, or direct links concerning Frontier's policies for customer-canceled flights. Instead, it invited Plaintiffs to "Simply go to flyfrontier.com now and cancel your flight..."

41.   Defendant's communications with Plaintiffs and class members regarding cancelled flights intentionally failed to inform them of their right to a refund or make such an offer, and intentionally misled them into reasonably believing that refunds were not available.

42.   On or about August 3, 2020, Plaintiffs submitted an online request for a refund and escalated the issue to a supervisor. Defendant again refused to honor its March 21, 2020 offer to permit canceled flights to be rebooked up until December 31, 2020.

43.   Plaintiffs have contacted Defendant on several occasions to resolve this issue and secure a refund, but Frontier has refused their request for a full monetary refund and has refused to escalate this issue internally.

44.   As of the filing of this Complaint, Frontier has not refunded Plaintiffs the price of the tickets.

45.   Defendant engaged in the above practices with respect to all class members whose flights were subject to cancellation due to the COVID-19 pandemic.

46.   Defendant engaged in unfair, false, misleading, and/or deceptive acts or practices

7

Package:000009 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package : 000009 of 000015

Filed                    20-CI-01522 10/26/2020          John C. Middleton, Kenton Circuit Clerk

to the detriment of Plaintiffs and class member through, including but not limited to, the following acts or practices: Intentionally concealing from Plaintiffs and class members their right to a refund for cancelled flights; Failing to offer Plaintiffs and class member full refunds for its cancelled flights; Failing to inform Plaintiffs and class members of their rights to a full refund for cancelled flights; Misleading Plaintiffs and class members into believing that they were not entitled to refunds and otherwise misleading them about their right to a full refund for cancelled flights; Breaching its obligations to inform and offer Plaintiffs and class members the contract of their rights to a refund for cancelled flights; and enforcing a rebooking policy which rendered the proffered flight credits illusory and futile.

## V.    CLASS ALLEGATIONS

47.     Pursuant to Rule 23 of the Kentucky Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals. The class is defined as:

> All individuals who entered into a purchase agreement with Defendant for tickets for flights provided by Defendant to or from CVG, whose flights were ultimately canceled by Defendant, were provided with the flight cancellation emails or comparable notices by Defendant that failed to inform them of their right to a full refund of the ticket price.

48.     Consistent with Rule 23.01(a), the number of class members is so numerous that joinder of all members is impracticable. Plaintiffs believe that the class will consist of more than a thousand members. The number and identity of class members can easily be obtained through the records of the Defendant.

49.     Consistent with Rule 23.01(b), there are questions of law or fact common to the class and Plaintiffs including, but not limited to the following:

a.      Whether Defendant failed to offer Plaintiffs and class member full refunds for its cancelled flights;

b.      Whether Defendant failed to inform Plaintiffs and class members of their rights to

8

Package:000010 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package : 000010 of 000015

a full refund for cancelled flights;

c. Whether Defendant misled Plaintiffs and class members about their right to a full refund for cancelled flights;

d. Whether Defendant breached its obligations to inform and offer Plaintiffs and class members the contract of their rights to a refund for cancelled flights;

e. Whether Defendant's acts and omissions described herein amounted to unconscionable conduct;

f. Whether Defendant engaged in unfair, false, misleading, and/or deceptive acts or practices as defined by KRS § 367.170 with respect to Plaintiffs and class members regarding their rights to refunds for cancelled flights;

g. Whether Defendant committed breach of contract with respect to Plaintiff and class members regarding their rights to refunds for cancelled flights;

50. Consistent with Rule 23.01(c), the claims of Plaintiffs are typical of the claims of the class that they seek to represent. Defendant has treated Plaintiffs and all of the class members alike by cancelling flights for which full payment had been received from Plaintiffs and class members and by failing to afford Plaintiffs and class members their rights to a full refund of the purchase price and otherwise misleading them as to their rights to such refunds. Thus, Plaintiffs and class members have been subjected to the same conduct and are entitled to the same relief in the form of damages and appropriate equitable relief. Each of the class members have necessarily suffered the same type of consequential damages and would be entitled to the same equitable relief in the form an injunction prohibiting acts proscribed by KRS § 367.170.

51. Consistent with Rule 23.01(d), the named Plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiffs' interests are co-extensive with and not antagonistic to the interests of that of the members of the class. Plaintiffs' attorneys are experienced in class action litigation and will diligently and professionally pursue the litigation.

52. Class certification pursuant to Rule 23.02(a) is appropriate, because: (i) the

9

Package:000011 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package : 000011 of 000015

Filed                    20-CI-01522 10/26/2020 ,              John C. Middleton, Kenton Circuit Clerk

prosecution of more than one thousand separate claims would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class; and (ii) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

53.     Class certification is also appropriate under Rule 23.02(b) as Defendant has acted or refused to act on grounds that are generally applicable to the class, thereby making appropriate final injunctive relief for the class as whole.

54.     A class action is superior to all other available methods to fairly and efficiently adjudicate claims raised in this litigation. Questions of law or fact common to the class and listed above predominate over any questions affecting only individual members of the class. The size of the class renders joinder impracticable. The failure to certify the class will prevent Kentucky residents who have entered into a service contract with Defendant from pursuing their claims, because of the expense of individual litigation, which would be burdensome, time consuming, repetitive and for most of the members of the class, cost prohibitive. The benefits of class certification provide: unitary adjudication; economies of scale; and access to the courts for hundreds of residents and others who utilized Defendant's services in Kentucky. Thus, class certification pursuant to Rule 23.02(c) is appropriate.

## CAUSES OF ACTION

### COUNT ONE - VIOLATION OF THE KCPA

55.     Plaintiffs and class members incorporate by reference each allegation contained within the paragraphs above.

56.     By its conduct described above, Defendant engaged in unfair, false, misleading,

10

Package:000012 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package : 000012 of 000015

and/or deceptive acts or practices in the conduct of the Defendant's trade or commerce, which acts are unlawful and in violation of the Kentucky Consumer Protection Act, at KRS § 367.170.

57.    Defendant fraudulently induced Plaintiffs and class members to cancel their flights by enticing Plaintiffs and class members with vouchers and providing them the opportunity to rebook their flight by December 31, 2020 without informing Plaintiffs and class members that if Defendant ultimately cancelled their flights due to a force majeure event like a pandemic, that Defendant would be obligated to reimburse Plaintiffs and class members with a full refund.

58.    Defendant intentionally made representations and intentionally misleading omissions in the course of its business transactions with Plaintiffs and class members in an effort to circumvent its own obligations to provide refunds for its cancelled flights.

59.    Defendant has both proximately and directly caused damages to Plaintiffs and class members for these unfair, false, misleading, and/or deceptive acts or practices in an amount to be determined at trial.

## COUNT TWO - BREACH OF CONTRACT

60.    Plaintiffs and class members incorporate by reference each allegation contained within the above paragraphs.

61.    Plaintiffs and class members entered into contracts with Defendant in which Frontier was to provide travel by air to or from CVG.

62.    Due to COVID-19, Frontier cancelled flights in the spring of 2020, and failed to adhere to the terms of the contract, specifically as it relates to a "force majeure" event.

63.    Defendant failed to perform under the contract or refund Plaintiffs and class members the cost of their tickets.

64.    Defendant employed unfair, false, misleading, and/or deceptive acts or practices,

11

Package:000013 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package : 000013 of 000015

as described above, to avoid refunding the costs of flights.

65.     As a direct and proximate result of Defendant's breach, Plaintiffs and class members have been damaged in an amount to be determined at trial, but in excess of the jurisdictional minimum of this court.

**COUNT THREE - UNJUST ENRICHMENT**

66.     Plaintiffs and class members incorporate by reference each allegation contained within the above paragraphs.

67.     As a direct and proximate cause of Defendant's unfair, false, misleading, and/or deceptive acts or practices, as described above, Defendant has been unjustly enriched through its receipt of monetary benefits in the form of monetary gains, which were unlawfully retained from the sales of flights that never occurred due to COVID-19.

68.     Despite repeated demands for a full refund, Defendant has failed and refused to refund the cost of the tickets to Plaintiffs and class members.

69.     To allow Defendant to retain the benefits of the ticket costs without providing full refunds to Plaintiffs and class members would unjustly enrich the Defendant.

70.     Therefore, Plaintiffs and class members are entitled to recovery against Defendant for the value of the canceled flight tickets, and any other relief this Court deems appropriate.

**COUNT FOUR - PUNITIVE DAMAGES**

71.     Plaintiffs and class members incorporate by reference each allegation contained within the above paragraphs.

72.     The acts or omissions of this Defendant, as previously described, which both directly and proximately caused and/or contributed to the injuries hereinbefore mentioned, amount to gross, reckless, malicious, willful, and/or wanton behavior in nature, as such were a conscious and deliberate disregard of the interests of Plaintiffs and class members and are in direct

12

Package:000015 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package : 000014 of 000015

Filed          20-CI-01522 10/26/2020          John C. Middleton, Kenton Circuit Clerk

contradiction to the Department of Transportation mandates.

73.     Exemplary or punitive damages should be assessed as a matter of law against Defendant.

**WHEREFORE**, Plaintiffs and class members pray for a judgment as follows:

A.     For compensatory damages in an amount to be determined at trial;

B.     For punitive damages in an amount to be determined at trial;

C.     For an injunction prohibiting acts proscribed by KRS § 367.170;

D.     For prejudgment interest;

E.     For costs expended herein, including attorney's fees;

F.     For all other relief which the Court may deem equitable and proper.

Respectfully submitted,

/s/ Sheree E. Weichold
MICHAEL J. O'HARA (KY 52530)
SHEREE E. WEICHOLD (KY 98637)
JESSICA N. WIMSATT (KY 98646)
O'HARA, TAYLOR, SLOAN & CASSIDY
25 Town Center Boulevard, Suite 201
Covington, Kentucky 41017
Phone: (859) 331-2000
Fax: (859) 578-3365
mohara@oharataylor.com
sweichold@oharataylor.com
jwimsatt@oharataylor.com
ATTORNEYS FOR PLAINTIFFS

13

Filed          20-CI-01522 10/26/2020          John C. Middleton, Kenton Circuit Clerk

Package:000015 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package : 000015 of 000015



John C. Middleton, Kenton Circuit Clerk
230 Madison Avenue
Covington, KY 41011.

FRONTIER AIRLINES, INC.
CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 20-CI-01522

Envelope Number: 2881355

Package Retrieval Number: 288135519940981@00000935110

Service by: Certified Mail

Service Fee:  $ 0.00

Postage Fee: $ 12.65

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package:000001 of 000015

Presiding Judge: HON. KATHY LAPE (616337)

Package : 000001 of 000015



KENTON CIRCUIT COURT
230 MADISON AVE.
3RD FLOOR
COVINGTON, KY 41011
PHONE# 859-292-6521

CERTIFIED MAIL

7017 1450 0000 0086 0618





ZIP 41011  $ 008.00⁰
02 4R
0000371256 OCT 28 2020

Frontier Airlines, INC - Corporation Service Company
421 West Main St.
Frankfort KY 40601

# EXHIBIT B

**COMMONWEALTH OF KENTUCKY
KENTON CIRCUIT COURT
DIVISION NO. I**

| | |
|---|---|
| DANYAL AND AMELIA SOLOMON, Individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | No. 20-CI-01522 |

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT on November 23, 2020, Defendant Frontier Airlines, Inc. filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446(a), removing this action from this Court to the United States District Court for the Eastern District of Kentucky. A true and correct copy of the Notice of Removal is attached as Exhibit 1.

Please take further notice that, upon the filing of the Notice of Removal with the Clerk of the United States District Court for the Eastern District of Kentucky, and filing a copy with the Clerk of this Court, Defendant Frontier Airlines, Inc. has effected removal and this Court shall proceed no further in this action unless and until this action is remanded pursuant to 28 U.S.C. § 1446(d).

Dated: November 23, 2020                    Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:      /s/ *James Burd, Esq.*
          James Burd, Esq. (KY 84382)
          100 Mallard Creek Road, Suite 250
          Louisville, KY 40207

1133296v.1

Telephone: 502-238-8500
Facsimile: 502-238-7995
james.burd@wilsonelser.com

***Attorneys for Defendant Frontier Airlines, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing was served on the following counsel of record via electronic filing and electronic mail this 23rd day of November 2020:

MICHAEL J. O'HARA
SHEREE E. WEICHOLD
JESSICA N. WIMSATT
O'HARA, TAYLOR, SLOAN & CASSIDY
25 Town Center Boulevard, Suite 201
Covington, Kentucky 41017
Phone: (859) 331-2000
Fax: (859) 578-3365
mohara@oharataylor.com
sweichold@oharataylor.com
jwimsatt@oharataylor.com

***Attorneys for Plaintiffs***

/s/ *James Burd, Esq.*
James Burd, Esq.

1