UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| DANYAL AND AMELIA SOLOMON, Individually and on behalf of all other similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES, INC., <br><br> Defendant. | No. 2-20-cv-00165-DLB-CJS |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO TRANSFER VENUE**

Defendant Frontier Airlines, Inc. ("Frontier") submits this Memorandum of Points and Authorities in support of its Motion to Transfer Venue.

**I.   INTRODUCTION**

This case arises out of Frontier's alleged failure to refund customers for flights cancelled due to COVID-19. Plaintiffs filed their Complaint on October 26, 2020, seeking to represent a class of travelers with flights to or from Cincinnati International Airport based on their cancelled flight from Cincinnati to Mexico. This case is nearly identical, substantively, to six other cases filed earlier in 2020 that Frontier is defending in the United States District Court of Colorado: *Young v. Frontier Airlines Inc.*, Case No. 1:20-cv-01153 (the "*Young* Case"), *Sweet v. Frontier Airlines, Inc.* Case No. 1:20-cv-01340 (the "*Sweet* Case"), *Rivera-De Leon v. Frontier Airlines, Inc.*, Case No. 1:20-cv-01518 (the "*Rivera-De Leon* Case"), *Obertman v. Frontier Airlines, Inc.*, No. 1:20-cv-01689-STV (the "*Obertman* Case"), *Johnson v. Frontier Airlines, Inc.*, No. 1:20-cv-01751-MEH (the "*Johnson* Case"), and *Bess v. Frontier Airlines, Inc.*, No. 1:20-cv-01837-SKC (the "*Bess* Case"). All six of these cases are now consolidated into the *Young* Case. The plaintiffs

1

in all six cases seek to represent overlapping nationwide classes of persons who claim to be entitled to refunds for Frontier flights canceled as a result of the COVID-19 pandemic, thereby including the Cincinnati International Airport at issue in this case.

Plaintiffs assert a cause of action for "Breach of Contract," premised on Frontier's Contract of Carriage, and associated causes of action for breach of the Kentucky Consumer Protection Act, unjust enrichment, and punitive damages.[1] Not only does Frontier's publicly-available Contract of Carriage expressly require Colorado law govern any action brought pursuant to its terms,[2] but most of the anticipated sources of evidence, including relevant witnesses, are located in Colorado, where Frontier is headquartered. Given that there are also six previously filed overlapping putative class action cases pending in the United States District Court for the District of Colorado, which have been consolidated, the pertinent considerations under 28 U.S.C. § 1404(a) strongly support transferring this case to that district.

## II. ARGUMENT

### A. Legal Standard Governing Venue Transfers

Federal law provides that "[f]or the convenience of parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is "to prevent

---

[1] Caselaw is clear that all of Plaintiffs' claims other than breach of contract are preempted by the Airline Deregulation Act of 1978 ("ADA"), which contains an express preemption clause. 49 U.S.C. § 41713(b)(1). *See, e.g., Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992) (state law consumer protection claim preempted by ADA); *Am. Airlines v. Wolens*, 513 U.S. 219, 227-28 (1995) (state law consumer protection claim preempted by ADA); *Weber v. US Airways, Inc.*, 11 Fed. Appx. 56 (4th Cir. 2001) (fraud claim preempted by ADA); *Lehman v. USAIR Group*, 930 F. Supp. 912, 916 (S.D.N.Y. 1996) (unjust enrichment claim preempted by ADA); *In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 305 (E.D.N.Y. 2005) (unjust enrichment claim preempted by ADA); *Gordon v. United Cont'l Holding, Inc.*, 73 F. Supp. 3d 472, 476 (D.N.J. 2014) (unjust enrichment claim preempted by ADA); *Overka v. Am. Airlines, Inc.*, 790 F.3d 36, 41 (1st Cir. 2005) (quantum meruit claim preempted by ADA); *Delta Air Lines, Inc. v. Black*, 116 S.W.3d 745 (Texas 2005) (fraud claim preempted by ADA).
[2] *See* https://www.flyfrontier.com/legal/contract-of-carriage/.

the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The showing required to change venue under § 1404(a) is less than that required for dismissal under the precursor doctrine of *forum non conveniens*. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955), *cited in Valvoline Instant Oil Change Franchising, Inc. v. Rfg Oil, Inc.*, No. 12-39, 2012 U.S. Dist. LEXIS 118571, *19 (E.D. Ky. Aug. 22, 2012) ("A 'lesser showing of inconvenience' is needed for a § 1404(a) transfer than that for a *forum non conveniens* dismissal."). District courts thus have broad discretion to transfer cases to another appropriate venue under § 1404(a). *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) ("The statute was designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system.").

In reviewing motions made pursuant to § 1404(a), courts consider a number of factors, including: "(1) convenience of the parties and the witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, and (5) the interests of justice. Other factors include (1) the relative congestion in the courts of the two forums, (2) the public's interest in having local controversies adjudicated locally, (3) the relative familiarity of the two courts with the applicable law, (4) the plaintiff's original choice of forum, and (5) whether the parties agreed to a forum selection clause." *Breeders' Cup v. Nuvei Techs.*, No. 19-113, 2020 U.S. Dist. LEXIS 37376, *5-6 (E.D. Ky. Mar. 4, 2020), citing *Kentucky Speedway, LLC v. National Ass'n of Stock Car Auto Racing, Inc.*, 406 F. Supp. 2d 751, 755 (E.D. Ky. 2005). Thus, § 1404(a) "place[s] discretion in the district court to adjudicate motions for transfer according to an individualized case-by-case consideration of convenience and fairness." *Id.*, citing *Kentucky Speedway*, 406 F. Supp. 2d at 754.

     **B.**     **Venue is Proper in the District of Colorado**

The threshold inquiry under 28 U.S.C. § 1404(a) supporting transfer is satisfied here. As Plaintiffs allege, Frontier resides in the District of Colorado, making venue proper under 28 U.S.C. § 1391(a). **Exhibit 1**, Complaint ("Compl.") ¶ 14 ("Defendant Frontier Airlines, Inc. is organized under the laws of the State of Colorado"). The District of Colorado would also have been an appropriate forum under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims allegedly occurred through the alleged actions or omissions of Frontier's corporate representatives, whose headquarters are located in Denver, Colorado. Compl. ¶¶ 27-30, 32, 36-38, 40-43 (alleging communications with Frontier and that Frontier later canceled Plaintiffs' flight).

     **C.**     **The Interests of Justice are Served by Transfer to Colorado**

The paramount consideration here is which district will best serve the interest of justice with respect to judicial efficiency. The pertinent facts strongly favor transferring this case to the United States District Court for the District of Colorado, the forum where Frontier is currently defending six other earlier filed and now consolidated overlapping putative class action lawsuits. "The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor . . . [and] concerns over judicial efficiency are paramount when related actions are overlapping putative class actions." *Gandara v. Nestle Purina PetCare Co.*, No. 13-cv-487, 2013 U.S. Dist. LEXIS 78579, at *6 (S.D. Cal. June 3, 2013) (citations, quotation marks, and bracket omitted). *See, e.g., Fausz v. Experian Info. Sols., Inc.*, No. 17-665, 2018 U.S. Dist. LEXIS 111594, *9 (W.D. Ky. July 5, 2018) (finding that "in the interest of justice this Court shall grant Defendant's motion in light of: (1) the related action currently pending in the Central District of California, *In re Experian Data Breach*

4

*Litigation*, which has been ongoing for over two years; (2) the fact that Plaintiff's legal interest in the case has been protected so far because the court appointed Interim Lead Counsel; (3) the fact that the majority of Experian's principal witnesses currently reside in California").

Plaintiffs allege Frontier should have refunded the $861.62 they paid for a Frontier flight scheduled from Cincinnati International Airport to Mexico that Plaintiffs canceled due to the COVID-19 pandemic after receiving an invitation from Frontier to do so, and Frontier later canceled the flight. Compl. ¶¶ 26-32. Plaintiffs seek to represent a proposed class of "[a]ll individuals who entered into a purchase agreement with Defendant for tickets for flights provided by Defendant to or from CVG [Cincinnati International Airport] whose flights were ultimately canceled by Defendant, were provided with the flight cancellation emails or comparable notices by Defendant that failed to inform them of their right to a full refund of the ticket price." Compl. ¶ 47.

Consequently, the issues in the present matter and the putative class necessarily overlap with the six related cases that Frontier is currently defending in the United States District Court for the District of Colorado—the *Young* Case, *Sweet* Case, *Rivera-De Leon* Case, *Obertman* Case, *Johnson* Case and *Bess* Case, all of which are nationwide putative class actions and therefore include the Cincinnati airport travelers as Plaintiffs pleaded. The operative complaints for the *Young* Case, *Sweet* Case, *Rivera-De Leon* Case, *Obertman* Case, *Johnson* Case and *Bess* Case are attached as **Exhibit 2**, **Exhibit 3**, **Exhibit 4**, **Exhibit 5, Exhibit 6** and **Exhibit 7** respectively. In the *Young* Case, the putative class is pleaded in the complaint as:

> All persons in the United States who purchased tickets for travel on a Frontier flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded.

**Exhibit 2**, *Young* Case Amended Compl. ¶ 23. In the *Sweet* Case, the putative class is pleaded in the complaint as:

> All persons residing in the United States or its territories who purchased tickets for travel on a Frontier Airlines flight scheduled to operate from March 1, 2020 through the date of a class certification order, whose flight(s) were canceled by Frontier Airlines, and who were not provided a refund.

**Exhibit 3**, *Sweet* Case Compl. ¶ 60. In the *Rivera-De Leon* Case, the putative class is pleaded in the complaint as:

> All persons in the United States who purchased airline tickets through Frontier Airlines, or for flights on Frontier Airlines, to, from or within the United States, and sought to cancel their flights, or had their flights cancelled, on or after February 29, 2020.

**Exhibit 4**, *Rivera-De Leon* Case Compl. ¶ 83. In the *Obertman* Case, the putative class is pleaded in the complaint as:

> All persons in the United States who purchased tickets for travel on a Frontier Airlines flight scheduled to operate from March 1, 2020 through the date of the a class certification order, whose flight(s) were canceled by Frontier, and who were not provided a refund.

**Exhibit 5,** *Obertman* Compl. ¶ 37. Originally filed in the Eastern District of California, the *Obertman* Case was transferred by stipulation to the District of Colorado on June 10, 2020. In the *Johnson* Case, the putative class is defined as:

> All persons or entities in the United States who purchased at least one ticket for a Frontier flight that was cancelled between January 1, 2020, and the present and who did not receive a refund.

**Exhibit 6**, *Johnson* Case Compl. ¶ 40. In the *Bess* Case, the putative class is defined as:

> All persons residing in the United States who purchased tickets for a Frontier Airlines flight scheduled to depart on or after March 1, 2020, whose flight was cancelled or significantly delayed, and who did not receive a full refund within 20 days of the cancellation.

**Exhibit 7**, *Bess* Case Compl. ¶ 31. These six cases were consolidated into the *Young* case on July 21, 2020. **Exhibit 8**.

The interest of justice calls for transferring this case to the District of Colorado, where there are multiple related class action cases already pending in that district, allowing for a consolidation of effort and avoiding possible duplicative judicial findings. *See Fausz v. Experian Info. Sols., Inc.*, No. 17-665, 2018 U.S. Dist. LEXIS 111594, *7-9 (W.D. Ky. July 5, 2018) (transferring case to Central District of California where related class actions were filed and transferred and noting the transfer avoids the possibility of duplicative judicial findings). *See also Lemaster v. Purdue Pharma Co.*, No. 04-147, 2004 U.S. Dist. LEXIS 11944, *5 (E.D. Ky. Jun. 18, 2004) (finding that "failing to transfer this action would result in parallel litigation and duplication of judicial resources").

The court in *Gorman Co., LLC v. United States EPA*, No. 10-228, 2011 U.S. Dist. LEXIS 18380, *11 (E.D. Ky. Feb. 24, 2011), found that "the interests of justice require transfer" where a "lawsuit naming identical defendants and asserting identical claims was filed in the District of Columbia before the instant lawsuit commenced." That court noted the Supreme Court's caution that to "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Id.*, citing *Continental Grain Co. v. The FBL-585,* 364 U.S. 19, 260 (1960). The *Gorman* court added that "according to the Sixth Circuit," "the general principle is to avoid duplicative litigation" and when "presented with a duplicative suit, federal courts often proceed under the rule of thumb that the entire action should be decided by the court in which an action was first filed." *Id.* at *11-12, citing *Smith v. S.E.C.,* 129 F.3d 356, 361 (6th Cir. 1997). "The first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank." *AmSouth Bank v. Dale,* 386 F.3d 763, 791 n. 8 (6th Cir. 2004)).

Here, the COVID-19 refund putative class action cases filed against Frontier are all pending in the District of Colorado, these actions were filed before this action, and these actions are putative nationwide class actions, thereby including flights to or from the Cincinnati International Airport, supporting transfer of this case to the District of Colorado.

### D. Transfer is Particularly Appropriate as Colorado Law Governs

Another relevant consideration for determining whether transfer is in the interest of justice concerns the district courts' comparative familiarity with the applicable law. The Frontier Contract of Carriage at issue here, the sole foundation for Plaintiffs' breach of contract claim, expressly requires the application of Colorado law. *See* https://www.flyfrontier.com/legal/contract-of-carriage/ ("This Contract of Carriage will be governed by and construed in accordance with the laws of the United States of America and the State of Colorado without regard to conflict of law principles or law.").

Naturally, the United States District Court for the District of Colorado will be at home with Colorado law due to its frequent application of state law in diversity actions and this factor weighs in favor of transfer. The court that "will be most at home with the law" "weighs towards transfer." *Megacorp Logistics, LLC v. Turvo, Inc.*, No. 17-109, 2018 U.S. Dist. LEXIS 28256, *29 (E.D. Ky. Feb. 22, 2018) (transferring case to California where agreement at issue was governed by California law). *See, e.g., Aldridge Elec., Inc. v. Am. Mun. Power, Inc.*, No. 16-163, 2017 U.S. Dist. LEXIS 35925, *14-15 (W.D. Ky. Mar. 14, 2017) (finding that "Ohio is the forum that is at home with the law" where contract at issue required Ohio law to govern); *Lorenzana v. 2nd Story Software, Inc.*, No. 12-21, 2012 U.S. Dist. LEXIS 95119, *21 (W.D. Ky. July 10, 2012) (transferring venue to Iowa where agreement required Iowa law to govern as the "District Court for the Northern District of Iowa is more familiar with the laws of Iowa

8

compared to this Court in the Western District of Kentucky"); *Shanze Enters. v. Am. Cas. Co. of Reading, PA*, No. 2:14-cv-02623-KJM-AC, 2015 U.S. Dist. LEXIS 27877, *9 (E.D. Cal. Mar. 5, 2015) ("If another federal district court is at 'home with the law' governing a diversity action, this fact weighs in favor of transfer.").

### E.  The Convenience of Parties and Witnesses Also Favors Transfer

Since it is incorporated in Colorado and has its headquarters in Colorado, Compl. ¶ 14, Frontier's physical presence is in the District of Colorado, not the Eastern District of Kentucky. The factual allegations in the Complaint, involving flight tickets purchased from, and communications with, Frontier personnel, Compl. ¶¶ 26-28, demonstrate that the most-likely witnesses (and the associated documentary evidence) will be those working at Frontier's headquarters in Denver, Colorado. Compl. ¶¶ 27-30, 32, 36-38, 40-43. The District of Colorado would therefore be more convenient for these anticipated witnesses and this case will otherwise require out of jurisdiction travel for witnesses, depositions, and for every defendant-party representative attending trial. These practical considerations support transferring this case to the District of Colorado. *See Aldridge Elec., Inc.*, 2017 U.S. Dist. LEXIS 35925, *15 (transferring case to Ohio where Defendant was an Ohio corporation based in Ohio).

### F.  The Venue Transfer Factors on Balance Support Transfer

As shown above, the top five factors in reviewing motions to transfer venue, the "(1) convenience of the parties and the witnesses, (2) accessibility of sources of proof, (3) the costs of securing testimony from witnesses, (4) practical problems associated with trying the case in the least expensive and most expeditious fashion, and (5) the interests of justice," *Kentucky Speedway,* 406 F. Supp. 2d at 755, all support transferring this case to the District of Colorado. The presence of a Colorado choice of law provision in Frontier's Contract of Carriage renders

9

the additional transfer factors of "the relative familiarity of the two courts with the applicable law" and "whether the parties agreed to a forum selection clause," *id.*, in favor of transfer to the District of Colorado.

These factors are so strong that the remaining factors do not tip the scale in favor of retaining this case in the Eastern District of Kentucky. While "Plaintiff's choice of forum is ordinarily given great weight," "where, as here, Plaintiff is a representative of a class, that forum choice is of less significance." *Lemaster*, 2004 U.S. Dist. LEXIS 11944, *5 (granting motion to transfer venue). The other factors, "the public's interest in having local controversies adjudicated locally" and "the relative congestion in the courts of the two forums," *Kentucky Speedway,* 406 F. Supp. 2d at 755, do not weigh against transfer of this case to the District of Colorado. Plaintiffs define the proposed class as encompassing flights in or out of Cincinnati International Airport, Compl. ¶ 47, which undoubtedly includes numerous travelers who do not reside in this District, and the cases against Frontier already pending in Colorado are putative nationwide class actions, which inherently include flights to or from Cincinnati, reducing the public's interest in having this case adjudicated in this District. The relative congestion of the federal courts in Kentucky and Colorado is not a major factor, as neither is among the more congested courts as listed in the publicly-available Federal Court Management Statistics published by the Administrative Office of the Courts. *See* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0630.2020.pdf.

## III.   CONCLUSION

For the reasons discussed above, this case should be transferred to the United States District Court for the District of Colorado.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:   /s/ *James M. Burd, Esq.*
James M. Burd, Esq. (KY 84382)
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: 502-238-8500
Facsimile: 502-238-7995
james.burd@wilsonelser.com

*Attorneys for Defendant Frontier Airlines, Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Defendant's Memorandum of Points and Authorities and Proposed Order was served on the following counsel of record via ECF this 25th day of November 2020:

MICHAEL J. O'HARA
SHEREE E. WEICHOLD
JESSICA N. WIMSATT
O'HARA, TAYLOR, SLOAN & CASSIDY
25 Town Center Boulevard, Suite 201
Covington, Kentucky 41017
Phone: (859) 331-2000
Fax: (859) 578-3365
mohara@oharataylor.com
sweichold@oharataylor.com
jwimsatt@oharataylor.com

*Attorneys for Plaintiffs*

/s/ *James M. Burd, Esq.*
James M. Burd, Esq.