# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| DANYAL AND AMELIA SOLOMON, Individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | No. 2-20-cv-00165 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## FRONTIER AIRLINES, INC.'S MOTION TO DISMISS

Dated: November 30, 2020

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

James Burd, Esq. (KY 84382)
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: 502-238-8500
Facsimile: 502-238-7995
james.burd@wilsonelser.com

*Attorneys for Defendant Frontier Airlines, Inc.*

972660v.2

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION & FACTUAL BACKGROUND ........................................................... 1

II.  APPLICABLE LEGAL STANDARDS ............................................................................. 2

III. ARGUMENT ....................................................................................................................... 3

    A.   The Contract Requires Dismissal of Plaintiffs' Class Action Claims ..................... 3

        1.   Federal Aviation Law Does Not Preclude the Class Action Bar in the Contract ........................................................................................... 5

    B.   Plaintiffs' Claims Are Preempted by the Airline Deregulation Act of 1978 ........... 5

    C.   Plaintiffs Lack Standing to Pursue Injunctive Relief Because They Do Not Allege Any Risk of Future Injury .............................................................................. 7

    D.   Unjust Enrichment is Precluded Because the Contract Addresses the Same Dispute ....................................................................................................................... 8

    E.   Plaintiffs' Complaint Fails to State a Claim for Breach of Contract ....................... 9

        1.   Frontier Performed Under the Contract ...................................................... 10

        2.   Plaintiffs Did Not Sustain Any Damages .................................................... 11

    F.   The Contract Precludes the Recovery of any Attorney's Fees .............................. 12

    G.   Punitive Damages is Not a Cognizable Cause of Action ....................................... 13

IV. CONCLUSION .................................................................................................................. 14

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allen v. Pacheco*,
  71 P.3d 375 (Colo. 2003) ................................................................................................ 4

*Am. Airlines, Inc. v. Wolens*,
  513 U.S. 219 (1995) ........................................................................................................ 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................ 2

*Atik v. Welch Foods, Inc.*,
  2016 U.S. Dist. LEXIS 136056 (E.D.N.Y. Sept. 30, 2016). ........................................... 8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................... 2, 3

*Bonanno v. Quizno's Franchise Co., LLC*,
  2009 U.S. Dist. LEXIS 37702 (D. Colo. Apr. 20, 2009) ............................................. 4, 5

*Boon Ins. Agency, Inc. v. Am. Airlines, Inc.*,
  17 S.W.3d 52 (Tex. Ct. App. 2000) ................................................................................ 7

*Charas v. Trans World Airlines, Inc.*,
  160 F.3d 1259 (9th Cir. 1998) ........................................................................................ 6

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ..................................................................................................... 3, 8

*Codell Constr. Co. v. Commonwealth*,
  566 S.W.2d 161 (Ky. Ct. App. 1977) ............................................................................. 9

*E.g., Kroger Co. v. Willgruber*,
  920 S.W.2d 61 (Ky. 1996) ............................................................................................ 13

*Fleischmann Distilling Corp. v. Maier Brewing Co.*,
  386 U.S. 714 (1967) ...................................................................................................... 13

*Gibson v. Ky. Farm Bureau Mut. Ins. Co.*,
  328 S.W.3d 195 (Ky. Ct. App. 2010) ........................................................................... 13

*Gordon v. United Cont'l Holding, Inc.*,
  73 F. Supp. 3d 472 (D.N.J. 2014) ................................................................................... 6

*Grendell v. Ohio Supreme Court*,
   252 F.3d 828 (6th Cir. 2001) .................................................................................................. 8

*Guerin v. Fulkerson*,
   354 S.W.3d 161 (Ky. Ct. App. 2011) ...................................................................................... 9

*Howell v. Alaska Airlines, Inc.*,
   994 P.2d 901 (Wash. Ct. App. 2000) ....................................................................................... 7

*In re JetBlue Airways Corp. Privacy Litig.*,
   379 F. Supp. 2d 299 (E.D.N.Y 2005) ...................................................................................... 6

*Jackson v. Tullar*,
   285 S.W.3d 290 (Ky. Ct. App. 2007) .................................................................................... 13

*Jones v. Sparks*,
   297 S.W.3d 73 (Ky. Ct. App. 2009) ........................................................................................ 9

*Kentucky State Bank v. AG Services, Inc.*,
   663 S.W.2d 754 (Ky. Ct. App. 1984) .................................................................................... 13

*Lamb v. Crayton*,
   2017 U.S. Dist. LEXIS 73245 (W.D. Ky. May 12, 2017) ....................................................... 9

*Lehman v. USAIR Group, Inc.*,
   930 F. Supp. 912 (S.D.N.Y. 1996) .......................................................................................... 6

*Mo-Jack Distrib., LLC v. Tamarak Snacks, LLC*,
   476 S.W.3d 900 (Ky. Ct. App. 2015) .................................................................................... 13

*Morales v. Trans World Airlines, Inc.*,
   504 U.S. 374 (1992) ............................................................................................................ 5, 6

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ................................................................................................................ 2

*Northwest, Inc. v. Ginsberg*,
   572 U.S. 273 (2014) ................................................................................................................ 7

*Román v. Spirit Airlines, Inc.*
   2020 U.S. Dist. LEXIS 182174 (S.D. Fla. Aug. 31, 2020) ...................................................... 4

*Sedalia Land Co. v. Robinson Brick & Tile Co.*,
   475 P.2d 351 (Colo. Ct. App. 1970) ........................................................................................ 4

*Shane v. Bunzl Distribution USA, Inc.*,
   200 F. App'x 397 (6th Cir. 2006) ............................................................................................ 9

*Simon v. Eastern KY Welfare Rights Organization*,
    426 U.S. 26 (1976) ................................................................................................. 3

*Smith v. Comair, Inc.*,
    134 F.3d 254 (4th Cir. 1998) ................................................................................. 7

*Smith v. Farmers Ins. Exch.*,
    9 P.3d 335 (Colo. 2000) ...................................................................................... 12

*Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Invs. II, LLC*,
    887 F.3d 1003 (10th Cir. 2018) ................................................................. 3, 11, 12

*Sudamax Industria e Comercio de Cigarros, LTDA v. Buttes & Ashes, Inc.*,
    516 F. Supp. 2d 841 (W.D. Ky. 2007) ................................................................. 10

*Tatten v. Bank of Am. Corp.*,
    912 F. Supp. 2d 1032 (D. Colo. 2012) ................................................................. 12

*Thurmon v. Skipton*,
    403 P.2d 211 (Colo. 1965) ..................................................................................... 4

*Weber v. US Airways, Inc.*,
    11 Fed. Appx. 56 (4th Cir. 2001) ........................................................................... 6

*Wuliger v. Mfrs. Life Ins. Co.*,
    567 F.3d 787 (6th Cir. 2009) ................................................................................. 9

**Statutes**

14 C.F.R. § 1.1 ................................................................................................................. 5

14 C.F.R. § 253.2 ............................................................................................................. 5

14 C.F.R. § 253.4(a) ........................................................................................................ 5

14 C.F.R. § 253.5(b)(2) ................................................................................................... 5

14 C.F.R. § 399.88(a) ...................................................................................................... 5

49 U.S.C. § 41713(b)(1) .................................................................................................. 5

**Rules**

Fed. R. Civ. P. 12(b)(1) ......................................................................................... 1, 3, 14

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 2, 14

Fed. R. Civ. P. 81 ............................................................................................................. 1

972660v.2

**Regulations**

76 Fed. Reg. 23110-01 ............................................................................................................ 7

Defendant Frontier Airlines, Inc. ("Frontier") moves to dismiss Plaintiffs' Complaint for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of standing pursuant to Rule 12(b)(1). Frontier moves to dismiss the Complaint because Plaintiffs: (i) are precluded by Frontier's Contract of Carriage ("Contract") from pursuing class action claims; (ii) bring a lawsuit preempted by federal law; (iii) lack standing to pursue injunctive relief; (iv) are precluded from bringing an unjust enrichment claim because of the existence of an express contract; (v) fail to state a breach of contract claim; (vi) are precluded by Frontier's Contract from recovering attorney's fees in this action; and (vii) plead a cause of action for "punitive damages" that is not recognized under Kentucky law.[1]

## I.   INTRODUCTION & FACTUAL BACKGROUND

As a result of the devastating impact of the COVID-19 pandemic, like many air carriers, Frontier was forced to significantly reduce its flights due to drastically lower consumer demand. These measures also necessitated the cancellation of many flights. Compl. ¶ 24. When passengers book travel aboard Frontier, they become bound by its Contract, which outlines the airline's obligations to its passengers in a variety of situations.[2] Compl. ¶ 61; Burd Dec. Ex. 1 § 18. The Contract specifies, *inter alia*, that if a passenger cancels their travel *before* Frontier cancels that flight, the passenger is *not* entitled to a refund. *Id.*

Plaintiffs, Kentucky residents, allege that in January 2020, they purchased two tickets for

---

[1] Frontier notes that on November 25, 2020, it filed a Motion to Transfer Venue to transfer this case to the United States District Court for the District of Colorado, where every other COVID-19 flight cancelation refund putative class action filed against Frontier in the United States is now pending. ECF No. 5. The timing of the filing of this Motion to Dismiss is dictated by Fed. R. Civ. P. 81, which required Frontier to file its response to the Complaint within one week of Frontier's November 23, 2020 removal of this case to this Court. By filing this Motion to Dismiss, Frontier does not waive any of the arguments it asserts in its Motion to Transfer Venue.

[2] Frontier attaches the version of the publicly-available Contract covering January 2020, when Plaintiffs allege they purchased their tickets, Compl. ¶ 15. *See* attached Declaration of James Burd ("Burd Dec."), **Exhibit 1**.

1

a May 30, 2020, Frontier flight from Cincinnati to Cancun, Mexico. Compl. ¶ 26. On March 21, 2020, Frontier emailed Plaintiffs, advising them that they would receive up to $100 in vouchers if they cancelled their flight. Compl. ¶ 27. On March 23, 2020, Plaintiffs cancelled their flight. Compl. ¶ 31. Subsequent to this date, Frontier cancelled the flight Plaintiffs had been scheduled to take to Cancun. Compl. ¶ 32. Plaintiffs received travel credits in the full amount of their airfare, and each received $50 future travel vouchers. Compl. ¶¶ 28, 29.

Plaintiffs include four causes of action—violation of the Kentucky Consumer Protection Act, breach of contract, unjust enrichment, and punitive damages. Compl. ¶¶ 55-73. Plaintiffs seek to represent a putative class, seek injunctive relief and request recovery of their attorney's fees. Compl. ¶¶ 47-54, Prayer for Relief. Plaintiffs' ability to bring a putative class action, their causes of action, and any recovery are barred on the four corners of their Complaint and Frontier's Contract, referenced in the Complaint. Plaintiff's Complaint should be dismissed in its entirety.

## II. APPLICABLE LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss permits courts to terminate lawsuits that are fatally flawed in their legal premises and destined to fail, sparing litigants the burdens of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of elements of a Cause of Action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). A plaintiff must allege facts sufficient to "nudge his claims…across the line from conceivable to plausible." *Id.* at 683. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will

2

972660v.2

not do." *Id*. at 555 (citations omitted). A motion to dismiss under Rule 12(b)(1) tests standing to ensure the constitutional limitation of federal court jurisdiction to actual cases or controversies. *Simon v. Eastern KY Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976). Where a plaintiff seeks injunctive relief, he must demonstrate a real and immediate threat of future injury to satisfy the injury in fact requirement. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-04 (1983).

### III.     ARGUMENT

#### A. The Contract Requires Dismissal of Plaintiffs' Class Action Claims

The Contract, which Plaintiffs reference in the Complaint and allege is binding, Compl. ¶ 61, and upon which they base their putative class allegations, Compl. ¶ 47 (defining proposed class as "[a]ll individuals who entered into a purchase agreement with Defendant…"), governs the parties' relationship in this case. Pursuant to the Contract, Colorado law governs this dispute. Burd Dec. Ex. 1 § 22 J ("This Contract of Carriage will be governed by and construed in accordance with the laws of the United States of America and the State of Colorado without regard to conflict of law principles or law"). Under Colorado law, contract interpretation is a question of law for a court to decide. *Spring Creek Exploration & Prod. Co., LLC v. Hess Bakken Invs. II*, LLC, 887 F.3d 1003, 1017 (10th Cir. 2018). "The primary goal of contract interpretation is to determine and effectuate the intent and reasonable expectations of the parties." *Id.* at 1018. "To determine the intent of the parties, the court should give effect to the plain and generally accepted meaning of the contractual language." *Id.* A court "should be wary of viewing clauses or phrases in isolation . . . instead reading them in the context of the entire contract, seeking to harmonize and to give effect to all provisions so that none will be rendered meaningless." *Id.* (internal quotations and citations omitted). "On a motion to dismiss, allegations in a complaint do not overcome contradictory statements in the text of a contract attached to the complaint." *Id.* (internal quotations and brackets omitted).

3

> The Contract expressly bars class action lawsuits, providing in § 22 H:
>
> No Class Action – Any case brought pursuant to this Contract of Carriage, Frontier's Tarmac Delay Plan, or Frontier's Customer Service Plan may be brought in a party's individual capacity and not as a plaintiff or class member in any purported class or representative proceeding.

Burd Dec. Ex. 1 § 22 H. Plaintiffs bring this lawsuit, and even raise a breach of contract cause of action, and do not allege that any part of the Contract is unenforceable, supporting that this provision requires the dismissal of all class action claims in the Complaint. Indeed, courts enforce class action waivers in airlines' contracts of carriage to dismiss class action claims. *See, e.g., Román v. Spirit Airlines, Inc.*, 2020 U.S. Dist. LEXIS 182174, *20-21 (S.D. Fla. Aug. 31, 2020) (finding that Spirit Airlines' contract of carriage "class action waiver applies to Plaintiffs' claims" in granting the airline's motion to dismiss).

Under Colorado law, the class action bar in the Contract is enforceable. *See, e.g., Bonanno v. Quizno's Franchise Co., LLC*, 2009 U.S. Dist. LEXIS 37702, *56 (D. Colo. Apr. 20, 2009) (enforcing contractual class action bar). When applying Colorado law, courts begin with the presumption that a contract provision is enforceable. *See Allen v. Pacheco*, 71 P.3d 375, 378 (Colo. 2003) ("We will enforce the agreement as written unless there is an ambiguity in the language; courts should neither rewrite the agreement nor limit its effect by a strained construction."). Plaintiffs do not allege that the Contract contains any ambiguity.

A contract that favors one party more than another does not eliminate the presumption of enforceability. *Thurmon v. Skipton*, 403 P.2d 211, 214 (Colo. 1965) ("Courts will enforce a contract as made, regardless of whether it is an improvident one from the standpoint of one of the parties."); *Sedalia Land Co. v. Robinson Brick & Tile Co.*, 475 P.2d 351, 354 (Colo. Ct. App. 1970) ("The general rule is that, if a party enters into a contract … with sufficient mental capacity to understand it, and not under the influence of fraud, coercion or imposition, the courts will not

4

relieve him of the consequences of his act on the sole ground that the bargain is improvident as to him."). "[T]he party seeking to avoid application of a contractual provision bears the burden of showing that it is unconscionable." *Bonanno*, 2009 U.S. Dist. LEXIS 37702, *56. Plaintiffs do not allege that any provision in the Contract is unconscionable.

### 1. Federal Aviation Law Does Not Preclude the Class Action Bar in the Contract

The Contract's class action bar is not prohibited by Federal Aviation Regulations. Specifically, 14 C.F.R. § 253.2 provides that an airline's contract of carriage "applies to all scheduled direct air carrier operations" in interstate air transportation, and "applies to all contracts with passengers, for those operations." A contract of carriage commences when a passenger has purchased the air transportation. 14 C.F.R. § 399.88(a). Airlines are permitted to incorporate contracts of carriage into passengers' tickets or other written instruments, 14 C.F.R. § 253.4(a), and the incorporated terms may include "[c]laims restrictions." 14 C.F.R. § 253.5(b)(2). The Federal Aviation Regulations do not contain any prohibition against class action bar provisions in airlines' contracts of carriage. *See* 14 C.F.R. § 1.1, *et seq*. Frontier's contractual class action bar should be enforced and Plaintiffs' class action claims accordingly dismissed.

### B. Plaintiffs' Claims Are Preempted by the Airline Deregulation Act of 1978

Each of Plaintiffs' causes of action are barred by the doctrine of federal preemption and cannot proceed. The Airline Deregulation Act of 1978 ("ADA") contains an express preemption clause, precluding states from enacting or enforcing "a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992). A claim relates to rates, routes, or services, within the meaning of the ADA, if the claim "has a connection with, or reference to, airline rates, routes, or services." *Id*. Courts have defined "airline rates" as matters involving the cost of air transportation from the origin to the destination. *Charas v. Trans World*

5

*Airlines, Inc.*, 160 F.3d 1259, 1265 (9th Cir. 1998).

Plaintiffs' Complaint involves refunds for air travel. It therefore cannot be reasonably disputed that the Complaint falls within the scope of "rates" for ADA purposes. The Complaint contains four counts against Frontier. For two of the counts—unjust enrichment and violation of the Kentucky Consumer Protection Act—consistent, well-established precedent holds that the doctrine of federal preemption necessitates their dismissal. *See*, *e.g.*, *Morales*, 504 U.S. at 378 (state law consumer protection claim preempted by ADA); *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 227-28 (1995) (state law consumer protection claim preempted by ADA); *Lehman v. USAIR Group, Inc.,* 930 F. Supp. 912, 916 (S.D.N.Y. 1996) (unjust enrichment claim preempted by ADA); *In re JetBlue Airways Corp. Privacy Litig.*, 379 F. Supp. 2d 299, 305 (E.D.N.Y 2005) (unjust enrichment claim preempted by ADA); *Gordon v. United Cont'l Holding, Inc.*, 73 F. Supp. 3d 472, 476 (D.N.J. 2014) (unjust enrichment claim preempted by ADA). If Plaintiffs' punitive damages cause of action was an actual claim (it is not, as explained below), that claim would also be preempted by the ADA. *See, e.g., Weber v. US Airways, Inc.*, 11 Fed. Appx. 56 (4th Cir. 2001) (fraud claim preempted by ADA).

To the extent Plaintiffs' breach of contract claim attempts to rely upon, or must be adjudicated with reference to any external law or policy, their claim is also barred. A narrow exception to ADA preemption exists for breach of contract claims seeking to recover "solely for the airline's alleged breach of its own, self-imposed undertakings." *Wolens*, 513 U.S. at 227-28. Where a plaintiff attempts to use laws or policies external to the parties' contract to enlarge or enhance the parties' bargain, however, ADA preemption bars the breach of contract claim from proceeding. *Id.* at 233 (courts are confined, "in breach-of-contract actions, to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement").

6

972660v.2

*See also Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 289 (2014) (holding ADA preemption applies where plaintiff uses an external law to enlarge his rights under a contract).

Thus, when a breach of contract claim cannot be adjudicated without resort to external law or policies, the claim is preempted by the ADA. *See*, *e.g.*, *Smith v. Comair, Inc.*, 134 F.3d 254, 257 (4th Cir. 1998) (dismissing plaintiff's breach of contract claim on ADA preemption grounds because the claim could not be adjudicated without reference to federal laws external to the parties' agreement); *Boon Ins. Agency, Inc. v. Am. Airlines, Inc.*, 17 S.W.3d 52, 58-59 (Tex. Ct. App. 2000) (dismissing plaintiff's breach of contract claim on ADA preemption grounds, *inter alia*, because the claim could not be adjudicated without reference to state laws external to the parties' agreement); *Howell v. Alaska Airlines, Inc.*, 994 P.2d 901, 905 (Wash. Ct. App. 2000) (dismissing plaintiff's breach of contract claim on ADA preemption grounds because the claim could not be adjudicated without reference to state laws external to the parties' agreement).

Plaintiffs' Complaint twice references an April 3, 2020 U.S. Department of Transportation Enforcement Notice. Compl. ¶¶ 34, 72. In citing that Notice, Plaintiffs are seeking to enlarge the obligations voluntarily undertaken by the parties through the Contract by bringing in an external document, and their claim is therefore preempted. Further, to the extent the breach of contract claim cannot be adjudicated without reference to that external policy, or to the law upon which the Notice is based, Enhancing Airline Passenger Protections, 76 Fed. Reg. 23110-01, at 23129 (Apr. 25, 2011), the claim is preempted. Thus, to the extent that the breach of contract claim is not limited to the terms of the parties' Contract, the claim is preempted by the ADA and must be dismissed.

### C. Plaintiffs Lack Standing to Pursue Injunctive Relief Because They Do Not Allege Any Risk of Future Injury

If Plaintiffs' Complaint could somehow survive dismissal on preemption grounds, they cannot pursue injunctive relief as a remedy as they lack standing to do so because the relevant

allegations in the Complaint are deficient. The "requirement that a plaintiff allege a risk of future injury in order to obtain injunctive relief is a constitutional requirement that all plaintiffs must satisfy." *Atik v. Welch Foods, Inc.*, 2016 U.S. Dist. LEXIS 136056, *6 (E.D.N.Y. Sept. 30, 2016). That is, to "satisfy the threshold requirement imposed by Article III" a plaintiff seeking injunctive relief must demonstrate a likelihood of future injury. *Lyons*, 461 U.S. at 108. Moreover, the "fact of past injury does not confer standing to seek prospective injunctive relief without some credible threat of future injury." *Id.*; *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001). To establish standing to pursue injunctive relief, a plaintiff must also demonstrate "a sufficient likelihood" of encountering some future harm. *Lyons*, 461 U.S. at 109, 111 (despite plaintiff having standing to pursue damages, he did not have standing to pursue injunctive relief).

Here, Plaintiffs' reference to injunctive relief is limited to paragraphs 50, 53, and the Prayer for Relief of the Complaint. Each reference is deficient in almost every regard, and two of Plaintiffs' references to injunctive relief are in the context of Plaintiffs' preempted state law consumer protection cause of action. Most glaring is Plaintiffs' lack of any allegation that they will be injured or harmed in the future. Plaintiffs must plead this threshold requirement to pursue injunctive relief, and it is missing from the Complaint entirely. Nowhere in the Complaint do Plaintiffs plead that they will, for instance, travel on Frontier again in the future. Even assuming, *arguendo*, Plaintiffs actually were harmed in the manner they allege they were, the Complaint is devoid of any indication that such harm will occur again in the future. As a result, Plaintiffs lack standing to seek injunctive relief. Based upon Plaintiffs' allegations in the Complaint, assuming they can proceed and are proven, Plaintiffs' recovery is limited to economic damages only. Consequently, Plaintiffs' request for injunctive relief must be dismissed.

### D. Unjust Enrichment is Precluded Because the Contract Addresses the Same Dispute

Plaintiffs' unjust enrichment cause of action fails because, as they allege, the Contract

8

governs the parties' dispute here. Compl. ¶ 61. Plaintiffs even define their proposed class as "[a]ll individuals who entered into a purchase agreement with Defendant…" Compl. ¶ 47. Unjust enrichment is "designed to compensate [a] plaintiff for the benefit he has conferred upon another, not to compensate him for a loss suffered." *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009). The elements of unjust enrichment are: (1) benefit conferred upon defendant at plaintiff's expense; (2) a resulting appreciation of benefit by defendant; and (3) inequitable retention of benefit without payment for its value.'" *Guerin v. Fulkerson*, 354 S.W.3d 161, 165 (Ky. Ct. App. 2011) (*quoting Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. Ct. App. 2009)). The doctrine of unjust enrichment has no application, however, where there is an express contract between the parties. *Lamb v. Crayton*, 2017 U.S. Dist. LEXIS 73245, *7 (W.D. Ky. May 12, 2017); *Codell Constr. Co. v. Commonwealth*, 566 S.W.2d 161, 165 (Ky. Ct. App. 1977); *accord Shane v. Bunzl Distribution USA, Inc.*, 200 F. App'x 397, 404 (6th Cir. 2006).

In the present case, Plaintiffs' Complaint facially precludes their pursuing a claim against Frontier for unjust enrichment. Plaintiffs' plead the existence of a binding contract with Frontier. Compl. ¶¶ 47, 61. Plaintiffs also allege Frontier failed to adhere to the Contract's terms with respect to refunds relating to cancelled flights. Compl. ¶ 63. Simultaneously, Plaintiffs' allegations involving unjust enrichment address the very same dispute in that Plaintiffs' unjust enrichment claim seeks reimbursement of the full ticket price due to cancelled flights. Compl. ¶ 70. As discussed in further detail in the following section, Contract § 18 directly addresses Plaintiffs' claims at issue in this action, barring their unjust enrichment claim.

### E. Plaintiffs' Complaint Fails to State a Claim for Breach of Contract

Plaintiffs fail to sufficiently plead a breach of contract claim for two independently dispositive reasons: (1) Frontier performed under the contract; and (2) Plaintiffs sustained no damages. The elements of breach of contract are: (1) the existence of a valid contract; (2) breach

of the contract; and (3) damages or loss to plaintiff. *Sudamax Industria e Comercio de Cigarros, LTDA v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007). Plaintiffs' factual allegations show that Frontier met its obligations under the Contract by providing Plaintiffs with a credit for future air travel from Frontier when Plaintiffs cancelled their travel before departure. Further, because of this and because Frontier also provided Plaintiffs with two $50 future travel vouchers, Plaintiffs are unable to show that they sustained any damages as a result of any alleged non-performance by Frontier. For these reasons, Plaintiffs fail to state a claim.

### 1. Frontier Performed Under the Contract

Notwithstanding Plaintiffs' allegations that Frontier breached the Contract, their factual allegations and the terms of the Contract demonstrate that Frontier satisfied its contractual obligations. Plaintiffs allege that they cancelled their planned travel on Frontier prior to Frontier cancelling their flights. Compl. ¶¶ 26-32. Pursuant to the Contract, "[i]f a passenger cancels a ticket before the scheduled flight departure time, the value of the ticket less a service fee will be retained for 90 days from the date of cancellation of the ticket in the form of an electronic credit." Burd Dec. Ex. 1 § 9 A. The breach of contract claim fails because Frontier performed under the Contract when it provided Plaintiffs with a future travel credit good for 90 days from cancellation. Compl. ¶¶ 26-32. Indeed, Frontier provided Plaintiffs with more than what they were entitled to under the Contract by additionally providing Plaintiffs with two $50 future travel vouchers when Plaintiffs cancelled their travel. Compl. ¶ 27.

Plaintiffs allege that the Contract is the operative document for this lawsuit, Compl. ¶¶ 47, 61, but base their breach of contract claim on the incorrect allegation that the Contract's force majeure provision required Frontier to refund them the cost of their air transportation under Plaintiffs' factual circumstances, Compl. ¶ 62. Plaintiffs' reliance on the Contract's force majeure

10

provision is misplaced. That provision, § 18 B, provides that *Frontier may cancel* any flight without liability "except to provide a refund for the unused portion of the ticket." Burd Dec. Ex. 1 § 18 B [emphasis added]. As Plaintiffs allege, they cancelled their travel *before* Frontier cancelled their flight. Compl. ¶¶ 31-32. At the time Frontier cancelled Plaintiffs' flight, Plaintiffs were no longer ticketed passengers on that flight and had been compensated, as described above, with future travel vouchers and flight credits in the full amount of their original airfare. Critically, because Plaintiffs were no longer ticketed passengers at the time Plaintiffs' flight was cancelled by Frontier, the force majeure provision of the Contract is inapplicable to Plaintiffs.

Because Plaintiffs were compensated in accordance with the Contract when they cancelled their travel prior to their flight's departure time, and because the Contract's force majeure provision did not apply to them at the time Frontier later cancelled their flight, Frontier satisfied its obligations under the Contract and the breach of contract claim should be dismissed.

**2. Plaintiffs Did Not Sustain Any Damages**

Even if, *arguendo*, Frontier failed to perform under the Contract, Plaintiffs' breach of contract claim is deficient because they do not adequately allege that they sustained any damages. As alleged in the Complaint, Plaintiffs elected to cancel their flights. Upon Plaintiffs' cancellation, they were provided with a credit in the full amount of their original airfare, as well as two $50 future travel vouchers. Compl. ¶¶ 26-38. Ultimately, Frontier's provision of a credit for future flight travel and travel vouchers precludes them from sustaining actionable damages.

"In general, contract law espouses three distinct, yet equally important, theories of damages to remedy a breach of contract: expectation damages, reliance damages, and restitution damages." *Spring Creek Exploration & Prod. Co., LLC*, 2018 U.S. App. LEXIS 9803, *44 (10th Cir. Apr. 10, 2018). "The root purpose of a contract remedy is to place the plaintiff-promisee in as good a

11

972660v.2

position as it would have occupied had the defendant-promisor not breached the contract." *Id.* (internal quotations and brackets omitted). "In an action for breach of contract, expectation damages are the norm." *Id.* (citing *Smith v. Farmers Ins. Exch.*, 9 P.3d 335, 337 (Colo. 2000) (In a breach of contract action, "a plaintiff may recover the amount of damages necessary to place him in the same position he would have occupied had the breach not occurred.")).

Here, Plaintiffs proactively cancelled their flight and were provided with a credit in the full amount of the airfare they paid as well as two $50 travel vouchers. Compl. ¶¶ 26-38. This compensation meets the requirements of the bargained for exchange, *i.e.* air travel in exchange for payment. That Plaintiffs did not travel on their originally scheduled flight is of no consequence because, pursuant the Contract's terms, the "published schedules, flight times . . . and similar details set forth in the ticket or Frontier's published schedules are not guaranteed and form no part of this Contract of Carriage." Burd Dec. Ex. 1 § 18 A. Plaintiffs' failure to use their vouchers and credits within the contractually allotted time, Compl. ¶ 38, is similarly of no consequence. That Plaintiffs did not utilize the funds does not change the fact that Frontier offered these funds to Plaintiffs as part of the bargained-for exchange. With the offer of the credits and vouchers, Plaintiffs sustained no damages and cannot prove an essential element of a breach of contract. *Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032, 1041 (D. Colo. 2012) (noting that damages are an element of a breach of contract claim). Therefore, their claim fails independent of whether Frontier performed under the Contract.

**F. The Contract Precludes the Recovery of any Attorney's Fees**

Plaintiffs are not entitled to recover attorney's fees, which they seek in connection with their Prayer for Relief. The "American rule" is that attorney's fees are not recoverable in the absence of a statutory or contractual provision to the contrary, or with certain equitable exceptions.

12

972660v.2

*Gibson v. Ky. Farm Bureau Mut. Ins. Co.*, 328 S.W.3d 195, 204 (Ky. Ct. App. 2010); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717-18 (1967). Kentucky follows the American rule. *Kentucky State Bank v. AG Services, Inc.*, 663 S.W.2d 754, 755 (Ky. Ct. App. 1984). Not only are attorney fees typically not recoverable, but Kentucky has taken the view that attorney's fees are not compensatory damages. *Mo-Jack Distrib., LLC v. Tamarak Snacks, LLC*, 476 S.W.3d 900, 906 (Ky. Ct. App. 2015). "Compensatory damages are designed to equal the wrong done by the defendant." *Gibson*, 328 S.W.3d at 204 (*quoting Jackson v. Tullar*, 285 S.W.3d 290, 297-98 (Ky. Ct. App. 2007)). Attorney's fees are not compensatory damages because any award "does not compensate the plaintiff for any wrong done by the defendant." *Id.*

Here, the Contract provides that "Frontier is not liable for any indirect, special, or consequential damages arising out of or resulting from transportation provided, delay in transportation, or any failure to provide transportation." Burd Dec. Ex. 1 § 16 A. Further, § 18 provides that the limit of liability (when Frontier cancels a customer's flight *before* the customer cancels their travel, a scenario inapplicable to Plaintiffs' circumstances) is the full refund of a ticket when rebooking is not possible. Burd Dec. Ex. 1 § 18 C, E. Because Plaintiffs are not entitled to consequential damages under the Contract and because Kentucky law provides that attorney's fees are not compensatory damages, Plaintiffs' request for attorney's fees is unsustainable.

### G. Punitive Damages is Not a Cognizable Cause of Action

Plaintiffs' final cause of action, captioned "punitive damages," is not a cognizable cause of action under Kentucky law. Punitive damages are not an independent cause of action, but instead constitute a type of damages that may be awarded in some types of lawsuits. *E.g.*, *Kroger Co. v. Willgruber*, 920 S.W.2d 61, 68 (Ky. 1996). While Frontier denies that Plaintiffs are entitled to any punitive damages here, Plaintiffs cannot recover for punitive damages under an independent

13

"punitive damages" cause of action. Instead, any punitive damages award would need to stem from a legally recognized, valid cause of action.[3] Punitive damages does not exist as an independent cause of action in Kentucky and Count Four of Plaintiffs' Complaint should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Frontier respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice pursuant to Rule 12(b)(6) and Rule 12(b)(1).

Statement Regarding Oral Argument: Oral argument is requested, to the extent a hearing will assist this Court in evaluating the arguments submitted.

Dated: November 30, 2020                    Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

By:   /s/ *James Burd, Esq.*
      James Burd, Esq. (KY 84382)
      100 Mallard Creek Road, Suite 250
      Louisville, KY 40207
      Telephone: 502-238-8500
      Facsimile: 502-238-7995
      james.burd@wilsonelser.com

*Attorneys for Defendant Frontier Airlines, Inc.*

---

[3] It should be noted that Plaintiffs' apparent attempt in ¶ 72 of the Complaint to base their punitive damages claim on the U.S. Department of Transportation Notice is disallowed. *Wolens*, 513 U.S. at 222. In addition, as noted above, all causes of action pled by Plaintiffs are preempted by the ADA and consequently cannot support their claim for punitive damages.