## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| **DANYAL AND AMELIA SOLOMON,** | : | |
| **Individually and on behalf of** | : | |
| **other similarly situated** | : | **CIVIL CLASS ACTION** |
| **individuals,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | **Case No. 2-20-cv-00165-DLB-CJS** |
| **v.** | : | |
| | : | |
| **FRONTIER AIRLINES, INC.** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## PLAINTIFFS' MOTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1447 TO REMAND CASE TO KENTON COUNTY CIRCUIT COURT

## <u>MOTION</u>

Come the Plaintiffs, Danyal and Amelia Solomon, (hereinafter "Plaintiffs" or "Solomon") individually and on behalf of all others similarly situated, pursuant to 28 U.S.C. §§ 1332, 1441, and 1447, and hereby move the Court to remand this lawsuit to State Court.

Defendant Frontier Airlines, Inc., ("Frontier or "Defendant") removed Plaintiffs' Complaint to this Court on November 23, 2020, pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446(a). However, the requirements of diversity jurisdiction under 28 U.S.C. §1332(a) cannot be met in this matter, and as such, this Court lacks subject matter jurisdiction. This jurisdictional failure mandates that this matter be remanded to State court. While Plaintiffs and Defendant are citizens of different states, damages may not be aggregated to establish the threshold amount in controversy required for diversity

jurisdiction under § 1332(a).

Because this Court lacks subject matter jurisdiction, this matter must be remanded to State court.  For this reason and reasons more fully explained below, Plaintiffs urge the Court to Grant Plaintiffs' Motion to Remand this action to State Court.

<u>**MEMORANDUM IN SUPPORT OF MOTION OF
PLAINTIFFS TO REMAND TO STATE COURT**</u>

## I.    Introduction

Plaintiffs, Danyal and Amelia Solomon**,** filed this action individually and on behalf of all other similarly situated for injuries sustained due to Defendant's unfair, false, misleading, and/or deceptive acts or practices to circumvent its obligation to offer monetary refunds to which Plaintiffs and class members are lawfully entitled as a result of flight cancellations resulting from a novel coronavirus ("COVID-19" or "COVID"). Plaintiffs also assert individual and class claims breach of contract and unjust enrichment.

Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446(a). (Notice of Removal, Doc. 1, PageID#1). In its Notice of Removal, Frontier asserts jurisdiction solely under the diversity jurisdiction provision contained in §1332(a).  Defendant contends that the jurisdictional threshold has been met "because Plaintiffs allege that they and Frontier are citizens of different states, seek compensatory damages, noting the $861.62 ticket purchase price, punitive damages, and seek to represent a class they believe 'will consist of more than a thousand members,' satisfying the $75,000 amount in controversy requirement." (Defendant's Notice of Removal, ¶ 5, Page ID#2).  Because it is well-settled law that only the named Plaintiffs' claims, not the claims of putative class members, may be aggregated for purposes of meeting the amount

in controversy provision of §1332(a), this Court lacks subject matter jurisdiction and Plaintiffs' claims cannot be heard in Federal court.

## II.    ARGUMENT

### a.  Frontier Has Failed to Meet Its Burden of Establishing Jurisdiction Under § 1332(a).

Defendant's Notice of Removal asserts jurisdiction in this Court solely under 28 U.S.C. § 1332(a). (Doc. 1, PageID#1-2).  That provision grants original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  *Id.*   "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

> Normally, the sum claimed by the plaintiff[s] controls, but where plaintiffs seek to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy more likely than not" exceeds $ 75,000 In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal.

*Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 822 (6th Cir. 2006)(Internal quotation marks and citations omitted).

### i.  Defendant Has Failed to Meet Its Burden of Proof Establishing the Requisite Amount in Controversy.

The Parties do not dispute that they are citizens of different states.  Rather, the dispute here centers on whether the requisite amount in controversy has been met under 28 U.S.C. § 1332(a).  In their Complaint, Plaintiffs do not claim a specific sum of damages, but rather, an unspecified "amount to be determined at trial" (Doc. 1, Complaint, ¶ 59).  Thus, Defendant bears the burden of proving the amount in controversy, i.e., the amount of the claim asserted in the complaint exceeds $75,000.  *Gafford, supra,* 997 F. 2d at 155;

*Everett, supra,* 460 F. 3d 822.

First, Defendant's contention that the Complaint provides sufficient evidence that the amount in controversy has been met is factually flawed.  The Complaint includes the <u>sum</u> cost of two tickets for <u>both</u> named Plaintiffs.  (Complaint, Doc. 1, ¶ 26).  Defendant uses this combined fee for the tickets purchased by the Plaintiffs and multiplies it by the number of putative class members to argue compensatory and punitive damages will satisfy the $75,000 amount in controversy. (Defendant's Notice of Removal, ¶ 5).  In fact, the "ticket purchase price" of $861.62 is the sum of <u>two</u> ticket purchases, not one, and as such, the individual ticket price was, in fact, half of this amount. (Complaint, Doc. 1, ¶ 26). Thus, Defendant has used a factually inaccurate figure in its calculation. As demonstrated below, Defendant's effort to aggregate the claims of the individual Plaintiffs and the class members must fail.

### ii. Damages of Multiple Plaintiffs May Not Be Aggregated to Achieve the Requisite Amount in Controversy for Jurisdictional Purposes.

The well-settled rule in diversity class actions is that "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 336 (1969)(Emphasis added).

> While a *single plaintiff* may aggregate the value of her claims against a defendant to meet the amount-in-controversy requirement, even when those claims share nothing in common besides the identity of the parties, *the same is not true with respect to multiple plaintiffs*.

*Everett,* 460 F.3d at 822. (Internal citation omitted). (Emphasis added).  "To satisfy the amount-in-controversy requirement at least one plaintiff's claim must independently meet the amount-in-controversy specification." *Id*. Thus, Frontier's effort to aggregate the claims of both class representative with the class must fail.

In a class action complaint against defendant T-Mobile, like the Plaintiffs here, plaintiffs alleged causes of action for breach of contract and unjust enrichment under both common law and Tennessee's Consumer Protection Act. *Alinsub v. T-Mobile*, 414 F. Supp. 2d 825, 826-7 (W.D. Tenn. 2006). Plaintiffs sought damages for reimbursement of fees paid (including principal, interest, fees, and penalties), compensatory, statutory, and treble damages, as well as reasonable attorneys' fees. *Id.* at 827. The Complaint specifically stated that no individual plaintiffs' claim would exceed $75,000.00, and that as such, the case could not vest federal court with jurisdiction. *Id.* Regardless, T-Mobile removed the action to federal district court, citing diversity jurisdiction. *Id.* T-Mobile argued the amount in controversy was satisfied because: (1) class claims may be aggregated to exceed $75,000; (2) class claims may be aggregated because the "disgorgement of all funds" received by T-Mobile exceeds $75,000; (3) T-Mobile's cost of compliance with injunctive relief exceeds $75,000; and (4) claims for attorneys' fees exceeds $75,000. *Id.*

In advancing its first argument, T-Mobile argued that the Sixth Circuit permitted aggregation of each putative class member's alleged damages. *Id.* T-Mobile relied solely (and erroneously) on *Olden v. LaFarge Corp.*, 383 F.3d 495 (6th Cir. 2004) for the proposition that it could aggregate claims to meet the amount in controversy. *Alinsub*, 414 F. Supp. 2d at 829. In fact, *Alinsub* noted that Olden's class action was remanded because defendants failed to establish federal jurisdiction by "*focusing erroneously on the potential damages of the unnamed potential class members* instead of those of the named plaintiffs." *Id.* at 829-30 (Emphasis added). In remanding, the court explained: "The Sixth Circuit's holding in *Olden* did not alter the requirement that defendants must establish original diversity jurisdiction, including the amount in controversy, *based only*

*on the claims of the named class plaintiffs.*" *Id*. at 829 (Emphasis added).

In this case, Plaintiffs' Complaint names only two class representatives, Danyal and Amelia Solomon.  While they are husband and wife, they possess separate and distinct claims, and *Snyder* instructs the damages of those claims may not be aggregated in order to meet the amount in controversy requirement.   *Snyder,* 394 U.S. at 336. While the Complaint establishes a putative class, *Olden* and *Alinsub* make it clear that these putative class claims cannot be aggregated.  Thus, the number of members within the putative class do not, as Defendant suggests in Notice of Removal, act as a multiplier for damages to establish the jurisdictional amount in controversy.  With a mere two named Plaintiffs, it cannot seriously be argued that any one of their claims for damages exceeds the jurisdictional requirement.  Of course, under *Gafford* and *Everett*, this burden of proof ultimately belongs to the Defendant. Frontier has failed to meet this burden.

### iii. Defendant Cannot Meet the Exception to the Bar on Claims Aggregation Because Plaintiffs and the Class Possess Individual Claims and Do Not Share in a Common and Undivided Interest.

While the general rule provides that claims may not be aggregated to meet the jurisdictional requirements, the limited exception to this rule allows aggregation only "in cases where *two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest*." *Alinsub*, 414 F.Supp.2d at 828, citing, *Snyder,* 394 U.S. at 336; see also *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1969); *Gavriles v. Verizon Wireless*, 194 F. Supp. 2d 674, 680 (E.D. Mich. 2002)(Emphasis added).  A common and undivided interest exists "if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *See, Sellers*, 701 F.2d at 579 (noting that "where a group of plaintiffs litigate individual cash claims the

6

amount of which remain unaffected by the results obtained by fellow plaintiffs, the litigants may not aggregate their claims when alleging jurisdiction").

The relevant inquiry should be whether the class members shared a 'pre-existing (prelitigation) interest in the subject of the litigation' — and not simply 'whether successful vindication of the right will lead to a single pool of money that will be allocated among the plaintiffs.'" *Sturkey v. Duty Free Ams., Inc.*, No. 17-10221, 2018 U.S. Dist. LEXIS 129397 at *6-7 (E.D. Mich. Aug. 1, 2018), quoting, *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012), quoting *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1427 (2nd Cir. 1997). The Sixth Circuit more recently confirmed that "claim aggregation requires a pre-existing (pre-litigation) interest in the subject of the litigation instead of a single pool of money that will be allocated among the plaintiffs." *Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 372 (6th Cir. 2014). Where "putative class [members] have no joint interest other than a shared appetite for a money judgment payable by a single defendant," they do not share "the type of 'common and undivided interest' that warrants an exception to the rule against aggregating claims." *Gilman v. BHC Sec.*, 104 F.3d 1418, 1424 (2nd Cir. 1997).

In *Alinsub*, the plaintiffs' claims, like the claims asserted in the case at bar, were "divisible" and "apart from any other plaintiff," and not "common and undivided," as they were suing for compensatory damages and disgorgements based on their individual agreements and fees incurred with T-Mobile. *Alinsub*, 414 F.Supp.2d at 831. The Court explained,

> Plaintiffs have joined together in one action to sue on separate and individual contracts under which they incurred separate and individual fees for international text messages. Each plaintiff could have brought an action against Defendant on an individual basis. Plaintiffs' interests before the lawsuit were not common and

> undivided and their claims against Defendant for unjust enrichment do not now unite them.  As the Sixth Circuit has made clear, "where a group of plaintiffs litigate individual cash claims the amount of which remain unaffected by the results obtained by fellow plaintiffs, the litigants may not aggregate their claims when alleging jurisdiction." *Sellers,* 701 F.2d at 579. Accordingly, the Court finds that aggregating Plaintiffs' separate claims for unjust enrichment to satisfy the jurisdictional amount in controversy is not proper.

414 F. Supp. 2d at 832, citing *Sellers,* 701 F.2d at 579.  The court rejected T-Mobile's efforts to aggregate unjust enrichment claims to satisfy the requisite amount in controversy. *Id.* at 832.

So it is here.  Plaintiffs' claims arise out of individual contracts, all of which were offered by Defendant and accepted by Plaintiffs.  Plaintiffs seek to recover unique sums of "individual cash claims" based on their unique, individual contracts, the amount of which varies from Plaintiff to Plaintiff, based on his or her preferred flight choices, such as route or destination, seat choice fees, baggage fees, and the like.  While Plaintiffs have, for convenience of the Court, joined together in one action to sue on separate and individual contracts under which they incurred separate and individual fees, they could have brought individual actions.  Putative class members here, like the plaintiffs in *Gilman*, indisputably share an appetite for individual money judgments payable by Frontier. However, *Gilman* mandates that this "shared appetite," which arose not before litigation, but as a result of litigation, is not the "type" of "common and undivided interest" to warrant an exception to the rule against aggregation.

Plaintiffs shared no common and undivided pre-litigation interests, and because the claims are unique to the breaches of the terms within Plaintiffs' separate contracts, the individual case claims shall remain unaffected by results obtained by fellow plaintiffs. Consistent with *Alinsub*, *Sellers*, *Everett, Sturkey,* and *Gilman,* Plaintiffs' claims do not

permit abrogation of the rule against aggregation, and as such, the claims must not be aggregated for jurisdictional purposes.  Of course, consistent with *Everett* and *Gafford*, Defendant bears the burden of proving the amount in controversy has been met for jurisdictional purposes.

### iv. Nor Can Defendant Aggregate Attorney Fees to Meet the Jurisdictional Threshold.

Where the underlying class action involves the claims of multiple plaintiffs, each suing on his or her own contract, the plaintiffs do not possess a common and undivided interest in their claims for attorneys' fees, and aggregation of such fees is not appropriate. See, e.g., *Nelson v. Assocs. Fin. Servs. Co.*, 79 F. Supp. 2d 813, 821 (W.D. Mich. 2000)("*Where each class member's right to attorney fees is based on the class member's separate and individual claim, attorney fees should not be aggregated.*")(Emphasis added); (*Monroe v. CUNA Mutual Ins. Soc.*, 1999 U.S. Dist. LEXIS 16511, 1999 WL 1078702, at *2 (W.D. Tenn. Oct. 6, 1999) (denying request to aggregate attorneys' fees to satisfy amount-in-controversy requirement *because each plaintiff sued on own contract*)(Emphasis added); see also *Farkas v. Bridgestone/Firestone, Inc.*, 113 F. Supp. 2d 1107, 1114 (W.D. Ky. 2000) ("Allowing aggregated attorneys' fees to determine the amount in controversy seems quite contrary to the clear mandate of *Sellers* and *Snyder*, unless the plaintiffs have common and undivided interest in that relief. Otherwise, a defendant could properly remove to federal court almost any class action with diverse parties.").  Given the extant caselaw barring aggregation of claims, Defendant cannot meet this burden.

## III.  Conclusion

Defendant removed this case to federal District court pursuant to 28 U.S.C. § 1332(a),

yet it fails to meet the jurisdictional requirement that the amount in controversy exceed $75,000. As such, this Court lacks subject matter jurisdiction, and the matter must be remanded to Kenton Circuit Court. It is well-settled that the aggregation of individual and putative class claims may not be aggregated for purposes of meeting the amount in controversy requirement under 28 U.S.C. § 1332(a). While the claims of putative class members may be aggregated where class members share a common and undivided pre-litigation interest, such interest does not exist here. The above authority mandates that plaintiffs' shared appetite for compensatory recovery from a single defendant is not the "type" of shared interest to permit abrogation of the rule against aggregation. Because Defendant has not met and cannot meet its burden establishing the requisite amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332(a), subject matter jurisdiction fails. Accordingly, Plaintiffs respectfully request that this Court grant its Motion to Remand the Case to Kenton Circuit Court.

Respectfully submitted,

*/s/ Sheree E. Weichold*_____
MICHAEL J. O'HARA (KY 52530)
SHEREE E. WEICHOLD (KY 98637)
JESSICA N. WIMSATT (KY 98646)
O'HARA, TAYLOR, SLOAN & CASSIDY
25 Town Center Boulevard, Suite 201
Covington, Kentucky 41017
Phone: (859) 331-2000
Fax: (859) 578-3365
mohara@oharataylor.com
sweichold@oharataylor.com
jwimsatt@oharataylor.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of Plaintiffs' Motion to Remand Case to Kenton Circuit Court was served on the following counsel of record via ECF this 16th day of December, 2020.

James M. Burd, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207

*/s/ Sheree E. Weichold*