UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| DANYAL AND AMELIA SOLOMON, Individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs<br><br>v.<br><br>FRONTIER AIRLINES, INC.<br><br>Defendant. | CIVIL CLASS ACTION<br><br>Case No. 2-20-cv-00165-DLB-CJS |

**PLAINTIFFS' MOTION TO STAY RESPONSE DEADLINES ON DEFENDANT'S MOTION TO DISMISS AND MOTION TO CHANGE VENUE, PENDING COURT'S RULING ON PLAINTIFFS' MOTION TO REMAND CASE TO KENTON CIRCUIT COURT AND MEMORANDUM IN SUPPORT**

## MOTION TO STAY

Come the Plaintiffs, Danyal and Amelia Solomon, (hereinafter "Plaintiffs" or "Solomon") individually and on behalf of all others similarly situated, and hereby move this Court for an Order to Stay Response Deadlines to Defendant's Motion to Dismiss and Motion to Change Venue. As grounds, Plaintiffs state that if their Motion to Remand is granted, this Court would be making a finding that it lacks the jurisdiction to hear the case. It would be precipitous for this Court to rule on Motions of merit before the Court determines whether it has jurisdiction. For these reasons, and for reasons more fully set forth below, Plaintiffs request an Order to Stay response deadlines on Defendant's pending motions. A memorandum in support is included below.

## MEMORANDUM IN SUPPORT

Plaintiffs' Complaint was filed in Kenton Circuit Court on October 26, 2020. In response to Plaintiffs' Complaint, Defendant, Frontier Airlines, Inc., ("Frontier"), removed the case to the Eastern District of Kentucky on November 23, 2020 (Doc. 1, Page ID #1-5). Subsequently, Frontier filed a Motion to Change Venue on November 25, 2020 (Doc. 5, Page ID # 33-34) and a Motion to Dismiss on November 30, 2020 (Doc. 6, Page ID # 209-210).

In response, Plaintiffs have filed a Motion to Remand on December 16, 2020 alleging that the monetary threshold requirement of diversity jurisdiction could not be met in this matter. In its Motion, Plaintiffs contend this Court lacks jurisdiction over this case under 28 U.S.C. § 1332(a), in that Defendant has failed to meet its burden to demonstrate the threshold amount in controversy.  Until this Court makes a determination that it, in fact, has jurisdiction, it should not address any of the pending motions.  This is so because a determination that this Court lacks jurisdiction would void any orders it renders on those motions.

Numerous courts having been presented with motions which challenge jurisdiction have stayed rulings on substantive motions until jurisdiction has been established.  In *Culpepper v. Stryker Corp.*, 2012 U.S. Dist. LEXIS 136689, at *2 (M.D. Ala. Sep. 25, 2012), the case was removed, followed by Defendants' motions for partial summary judgment and a motion to dismiss. Plaintiff then filed a Motion to Stay ruling on those motions, representing that she intended to challenge the removal "on solid grounds" for lack of jurisdiction in a forthcoming motion to remand.  *Id*.   In granting Plaintiff's Motion to Stay, the Court held that the "most prudent course of action" at this early stage in the litigation was to avoid addressing the merits of the dispositive motions

2

before determining whether it had subject matter jurisdiction. *Id.* at *3-4. Similarly, the case in *Martin v. Rushing Creek Dev. Grp., LLC*, U.S. Dist. LEXIS 133073, at *2 (W.D.N.C. Nov. 17, 2011) was removed, and when the district court's jurisdiction became questionable, the Court, *sua sponte*, questioned the existence of subject matter jurisdiction. The Court then ordered a stay of the dispositive motion deadline in the case, pending a determination as to whether remand was required. *Id.* at *3-*4. Additionally, the Court in *La. Mun. Police Emples. Ret. Sys. ex rel. & ex rel.*, 2009 U.S. Dist. LEXIS 153005 at *3 (N.D. Ala. July 1, 2009), defendants removed the case, plaintiff filed a motion to remand, defendants filed procedural motions regarding which plaintiff filed a Motion to Stay.  In granting the Motion to Stay, the Court held: "Because the plaintiff's motion to remand is potentially dispositive of the remaining motions currently pending, the court considers the motion to remand first." *Id.*, at *3-4.

It is vital that the issue of jurisdiction be resolved to ensure the dispute is remanded to the proper forum. Pursuant to Fed. R. Civ. P. 60(b)(4), failure to do so could result in a void judgment "if the court that rendered it lacked jurisdiction of the subject matter. . ." *Best W. Int'l, Inc. v. Super Sunrise, LLC*, 710 F. Supp. 2d 613, 613 (E.D. Ky. 2008). Defendant's failure to establish jurisdiction in the present matter not only mandates that this case be remanded to State court, but failure to do so when this Court lacks subject matter jurisdiction renders a final judgment or order from this Court void. *Id.*

It is both prudent and imperative that this Court first resolve whether it possesses subject matter jurisdiction before ruling on Defendant's pending motions.  Consistent with the above-cited authorities, Plaintiffs respectfully request this Court grant Plaintiffs' Motion to Stay Response Deadlines on Defendant's Motion to Dismiss and Motion to

3

Change Venue and allow Plaintiffs thirty (30) days to respond once the Court issues an Order on Plaintiffs' Motion to Remand.

        Respectfully submitted,

        */s/ Sheree E. Weichold*
        MICHAEL J. O'HARA (KY 52530)
        SHEREE E. WEICHOLD (KY 98637)
        JESSICA N. WIMSATT (KY 98646)
        O'HARA, TAYLOR, SLOAN & CASSIDY
        25 Town Center Boulevard, Suite 201
        Covington, Kentucky 41017
        Phone: (859) 331-2000
        Fax: (859) 578-3365
        mohara@oharataylor.com
        sweichold@oharataylor.com
        jwimsatt@oharataylor.com
        ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true copy of Plaintiffs' Motion to stay response deadline on defendants Motion to Dismiss and Motion to Change Venue, pending Court's ruling on Plaintiffs' Motion to Remand was served on the following counsel of record via ECF this 16th day of December 2020.

James M. Burd, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207

        */s/ Sheree E. Weichold*