UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| DANYAL AND AMELIA SOLOMON, Individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER AIRLINES, INC.,<br><br>Defendant. | No. 2-20-cv-00165 |

**OPPOSITION TO MOTION TO REMAND**

Defendant Frontier Airlines, Inc. ("Frontier") submits its opposition to Plaintiffs' motion to remand this case from this Court to the Kenton County Circuit Court.

**I.      BACKGROUND**

As described in detail in Frontier's Motion to Change Venue (Doc. 5), Plaintiffs seek to bring a putative class action involving Frontier's alleged failure to refund customers for flights cancelled due to COVID-19. Plaintiffs seek to represent a class of travelers with flights to or from Cincinnati International Airport. This case is nearly identical, substantively, to six other cases filed earlier in 2020 pending in the United States District Court of Colorado. Frontier is headquartered in Colorado, where likely witnesses are also based, and the six other cases all involve overlapping putative nationwide class actions and have been consolidated into one case. Every putative class action filed against Frontier in 2020 involving COVID-19 refunds is now pending in one case in Colorado. Except this one.

**II.   SUMMARY**

Frontier removed this case to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446(a) because diversity jurisdiction exists as Plaintiffs allege that they and Frontier are citizens of different states, and Plaintiffs' Complaint indicates that, in addition to seeking injunctive relief and making a claim under the Kentucky Consumer Protection Act, KRS 367.110, *et. seq*., which entitles them to recover attorney fees in addition to any other relief obtained, they personally seek compensatory damages and punitive damages. It is beyond dispute that any individual plaintiff's claims can be aggregated for purposes of determining amount in controversy for diversity jurisdiction; therefore, at the time of removal, it is reasonable to conclude that each Plaintiff seeks at least $75,000 in damages. Plaintiffs agree that they and Frontier are citizens of different states. Plaintiffs do not advise this Court that their individual claims do not reach $75,000 in damages. Rather, they affirmatively argue only that the claims of putative class members cannot be aggregated to reach this amount.

Plaintiffs' argument suffers from an overarching deficiency. It ignores the specific allegations in their Complaint, and that the standard for removal is based on the complaint as it existed at the time of removal, not as depicted in a motion to remand.

**III.   ARGUMENT**

    **A. Frontier Met its Burden to Demonstrate the Amount in Controversy**

Plaintiffs' case was properly removed based on their Complaint. As Plaintiffs recognize in their motion to remand, "where plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 822 (6th Cir. 2006) (citation omitted).

Plaintiffs' case is removable because "[i]n gauging the amount in controversy, courts view the claims from the vantage point of the time of removal." *Id.* The propriety of removal is determined "by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance, Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). The removal statute "permits a defendant to assert the amount in controversy in its notice of removal if removing from a jurisdiction where 'State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.'" *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013) (quoting § 1446(c)(2)(A)(ii)); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (stating that the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). If the plaintiff contests, or the Court questions, the defendant's assessment of the amount in controversy, the Court will then decide "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.*

Here, the amount in controversy determination fits within the above approach, as Plaintiffs seek injunctive relief and monetary damages, but are precluded by Kentucky rules from specifying a particular amount in their complaint.

> "Kentucky both prohibits the demand for a specific sum and allows recovery beyond that demanded in the pleadings." *Proctor v. Swifty Oil Co., Inc.*, Civ. A. No. 3:12-CV-00490-TBR, 2012 U.S. Dist. LEXIS 141323, 2012 WL 4593409, at *2 (W.D. Ky. Oct. 1, 2012); *see* Ky. R. Civ. P. 8.01 (stating that "the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court"); Ky. R. Civ. P. 54.03 (providing that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings")."

*Adams v. Volkswagen Group of Am., Inc.*, 2016 U.S. Dist. LEXIS 178375, *5-6 (E.D. Ky. Jan. 5, 2016. Frontier need only establish by a preponderance of evidence that the amount in controversy meets the required threshold.

Frontier correctly removed this action pursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446(a). This Court has diversity jurisdiction over this action because it is permissible to aggregate an individual plaintiff's claim to determine amount in controversy. Aside from the class claims asserted in their Complaint, Plaintiffs seek: (1) compensatory damages for themselves individually "in excess" of the $5,000 jurisdictional minimum of the state Circuit Court; (2) punitive damages for Defendant's alleged "gross, reckless, malicious, willful, wanton" behavior and "conscious and deliberate disregard" for Plaintiffs' (and class members) interests; and (3) attorney's fees and any other available compensatory damages under Kentucky's Consumer Protection Act. Complaint ¶¶ 13-14, 55-59, 65, 70-73. "A defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute. If the requirements of the removal statute are met, the right to removal is absolute." *Regis Associates v. Rank Hotels Mgmt. Ltd.*, 894 F.2d 193 (6th Cir. 1990) (citing *White v. Wellington*, 627 F.2d 582, 586 (2nd Cir. 1980)).

Here, it is clear from the range of claims asserted in Plaintiffs' Complaint that they seek in excess of the jurisdiction amount, and they don't state otherwise in their motion to remand – arguing instead only that the claims of the various purported class members cannot be aggregated. Plaintiffs simply include the vague contention that "[w]ith a mere two named Plaintiffs, it cannot seriously be argued that any one of their claims for damages exceeds the jurisdictional requirement." Mot. at 6. In other words, given the opportunity to give this Court clear guidance on the amount in controversy for their individual claims, Plaintiffs fail to admit that they intend to

4

seek less than $75,000.[1] This omission – both from the Complaint and from the motion to remand – is quite telling as to what Plaintiffs' true intentions are, and support an amount in controversy that supports this Court's diversity jurisdiction.

### B. Plaintiffs Bring a Consumer Protection Act Claim, Allowing Aggregation of Damages with Punitive Damages and Attorney's Fees

Plaintiffs entirely omit from the motion any reference to the fact that their Complaint includes a Kentucky Consumer Protection Act ("KCPA") cause of action, which they expressly premise on fraud. Complaint ¶¶ 55-59 (including allegation in ¶ 57 that "Defendant fraudulently induced Plaintiffs"). If Plaintiffs prevail on their "[Kentucky Consumer Protection Act] ("KCPA")] claims and prove[] that Defendant's actions were malicious, oppressive, or fraudulent, [they] would be eligible for punitive damages," and they "may be eligible for an award of attorney's fees." *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 852 (E.D. Ky. 2006) (citing K.R.S. §§ 367.220(3) & 411.184 and *Alexander v. S & M Motors, Inc.*, 28 S.W.3d 303, 305 (Ky. 2000)).

Given Plaintiffs' own pleading, punitive damages must be considered in determining the amount in controversy 'unless it is apparent to a legal certainty that such cannot be recovered.'" *Id.* (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). "Punitive damage claims undoubtedly 'may be aggregated with other damages to satisfy the amount-in-controversy requirement.'" *Tri-County Pharm. v. Benzer Ky-1, LLC*, 2020 U.S. Dist. LEXIS 101937, *9-10 (E.D. Ky. June 11, 2020) (quoting *Charvat v. EchoStar Satellite, LLC*, 630 F.3d

---

[1] This Honorable Court recently found that an unequivocal stipulation in a motion to remand – specifically that (1) the amount in controversy does not exceed $75,000; and (2) a higher amount would not be accepted if awarded – would require remand to state court. *Tackett v. Elovations Servs. Grp., LLC*, 2019 U.S. Dist. LEXIS 28822, *7-8 (E.D. Ky. Feb. 22, 2019). Plaintiffs here provide no such stipulation.

459, 462 (6th Cir. 2010)).

Here, Plaintiffs specifically plead damages "in excess" of the Kentucky Circuit Court's minimum jurisdictional threshold. In addition, they bring a KCPA claim premised on alleged fraud, which opens the door to punitive damages and attorney's fees, all of which may be aggregated to reach the amount in controversy. In addition to their KCPA, breach of contract and unjust enrichment causes of action, Plaintiffs even go so far as to include a separate punitive damages cause of action. Complaint ¶¶ 55-59. All of the foregoing, properly aggregated based on "examining the complaint as it existed at the time of removal," *Harper,* 392 F.3d at 210, suffice to satisfy the amount in controversy and the denial of Plaintiff's motion to remand.

Plaintiffs' reliance on the *Alinsub v. T-Mobile*, 414 F. Supp. 2d 825 (W.D. Tenn. 2006), in support of their motion to remand is unfounded, as that case easily can be distinguished. Specifically, Plaintiffs recognized that in *Alinsub*, the "Complaint specifically stated that no individual plaintiffs' claim would exceed $75,000.00, and that as such, the case could not vest federal court with jurisdiction." Mot. at 5.[2] Plaintiffs can point to no similar limitation in their Complaint, and perhaps more importantly do not admit any such limitation on the amount in controversy for their individual claims in their motion to remand.  Moreover, the *Alinsub* plaintiffs did not allege gross, reckless, malicious, willful or wanton conduct on behalf of the defendant, nor did they seek punitive damages, as here.

---

[2] Plaintiffs also cite two other cases in support of their argument that different putative class members' claims cannot be aggregated for purposes of determining amount in controversy. *Farkas v. Bridgestone/Firestone, Inc*., 113 F. Supp. 2d 1107 (W.D. Ky. 2000); *Monroe v. CUNA Mutual Ins. Soc*., 1999 U.S. Dist. LEXIS 16511 (W.D. Tenn. Oct. 6, 1999).  Mot. at 9. However, in both of those cases, the plaintiff seeking to represent the class expressly disclaimed in the complaint that any class member, including the named plaintiff, would seek recovery in excess of $74,999. As such, there was no basis to establish amount in controversy sufficient to support diversity jurisdiction, and thus the respective courts had little choice but to remand the matters back to state court.

11422023v.1

Whether this case is properly removed is based on an examination of "the complaint as it existed at the time of removal," *Harper*, 392 F.3d at 210, not the characterizations that Plaintiffs incorporate into their motion to remand. Plaintiffs' motion to remand focuses only on the argument that the various putative class members' claims cannot be aggregated,[3] and erroneously claims that Frontier's sole basis for removal is based on multiplying the number of alleged class members by the price of tickets (presumably based solely on the breach of contract claim asserted in the complaint). That argument fails to take into account the KCPA (including attorney fees), unjust enrichment, and punitive damages claims asserted in the complaint – all of which can be aggregated to determine amount in controversy.  Moreover, at no point – either in their complaint or in the motion to remand – do Plaintiffs explicitly disclaim for themselves that their individual claims will not exceed $75,000. As such, the inescapable conclusion is that, in fact, their individual claims **do** exceed that amount, thus vesting this Court with jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand should be denied, and this Court should retain jurisdiction. This Court can then consider the motion to transfer this case to the United States District Court for the District of Colorado, where every other COVID-19 refund putative class action filed against Frontier in the United States, all of which are putative nationwide class actions and therefore entirely subsume this case, is pending.

Dated: January 5, 2021                           Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**

---

[3] In their motion to remand, Plaintiffs agree that the claims of putative class members can be aggregated in "cases where two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." Mot. at 6 (quoting *Alinsub*, 414 F. Supp. 2d at 828 (citations omitted)). Plaintiffs fail to cite to their own Complaint to demonstrate where their actual allegations identify that they do not allege the absence of such an interest. Mot. at 6-9.

By:     /s/ *James Burd, Esq.*
        James Burd, Esq. (KY 84382)
        100 Mallard Creek Road, Suite 250
        Louisville, KY 40207
        Telephone: 502-238-8500
        Facsimile: 502-238-7995
        james.burd@wilsonelser.com

***Attorneys for Defendant Frontier Airlines, Inc.***

11422023v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served on the following counsel of record via ECF this 5th day of January 2021:

MICHAEL J. O'HARA
SHEREE E. WEICHOLD
JESSICA N. WIMSATT
O'HARA, TAYLOR, SLOAN & CASSIDY
25 Town Center Boulevard, Suite 201
Covington, Kentucky 41017
Phone: (859) 331-2000
Fax: (859) 578-3365
mohara@oharataylor.com
sweichold@oharataylor.com
jwimsatt@oharataylor.com

*Attorneys for Plaintiffs*

                                        /s/ *James Burd, Esq.*
                                        James Burd, Esq.