## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| **DANYAL AND AMELIA SOLOMON,** | : | |
| **Individually and on behalf of** | : | |
| **other similarly situated** | : | **CIVIL CLASS ACTION** |
| **individuals,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | **Case No. 2-20-cv-00165-DLB-CJS** |
| **v.** | : | |
| | : | |
| **FRONTIER AIRLINES, INC.** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

---

## PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND CASE TO KENTON CIRCUIT COURT

---

Come the Plaintiffs, Danyal and Amelia Solomon, (hereinafter "Plaintiffs" or "Solomon") individually and on behalf of the putative class, for their Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Remand (Doc. 10), state the following.

This Court has granted Plaintiffs' Motion to Stay Response Deadlines on Defendant's Motion to Dismiss and Motion to Transfer Venue and has Ordered that responses are held in abeyance "until after the Court adjudicates Plaintiff's Motion to Remand." (Doc. 9, Page ID# 277).  Despite this, Defendant injects into its Response in Opposition to Plaintiffs' Motion to Remand various statements irrelevant to the threshold issue of whether this court possesses subject matter jurisdiction. (Doc. 10, Page ID# 278, Section I).  The Motion presently before the Court is Plaintiffs' Motion to Remand.  As demonstrated in their initial Memorandum and in the discussion below, this court lacks

jurisdiction over this matter and, thus, may not properly address the merits of the other pending motions.

## I.   Argument

### a.  The Face of the Complaint Establishes that Aggregation of Claims of the Two Named Plaintiffs Cannot Meet or Exceed $75,000.00.

"A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Any doubt as to whether the removal is proper should be resolved in favor of remand to state court. See 28 U.S.C. § 1447(c); see also *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977).  The removal statute is to be strictly construed, and the exercise of jurisdiction is to be rejected in doubtful cases. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  Indeed, there is a "strong presumption" against removal, *cf. St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938), and every doubt concerning whether removal was proper should therefore be resolved in favor of remand. See 28 U.S.C. § 1447(c); *Crump, supra*, 128 F. Supp. 2d at 553.

Defendant has failed to provide a modicum of evidence sufficient to overcome the strong presumption against removal in order to meet its burden to establish that the named Plaintiffs' claims meet or exceed the jurisdictional requirement.  Instead, Defendant attempts to shift its burden onto Plaintiffs, contrary to *Gafford* and Sixth Circuit precedent.  Defendant cites *Hollon v. Consumer Plumbing Recovery Ctr.*, 417 F. Supp. 2d 849, 853 (E.D. Ky. 2006) for the premise that punitive damages must be considered in determining the amount in controversy.  While the jurisdictional minimum was ultimately met in *Hollon*, its facts are critically distinguishable and any application

to the present facts, only bolsters Plaintiffs' position. In *Hollon*, the Complaint established that the amount in controversy exceeded $75,000.00, and plaintiff assessed actual damages at $30,000.00. *Id*. In applying a "conservative 1-1 ratio of punitive damages, and attorneys fees in an amount of thirty percent" to the $30,000.00 valuation, the $75,000.00 jurisdictional amount was met. *Id*. at 853-4. In practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424 (2003). Single-digit multipliers are more likely to comport with due process. *Id*. at 425. An award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety. *Id*.

In the present case, aggregation of the claims of the two named Plaintiffs still falls short of the requisite amount in controversy. The Complaint, on its face, supports that the aggregate sum of compensatory damages for the individually named Plaintiffs falls well below $75,000.00. It includes that the compensatory damages available to the named Plaintiffs include the cost of the two airline tickets for a sum of $861.62, an amount far less than the $30,000.00 claimed in *Hollon*.

Even if the Court were to apply *Campbell*'s 4-1 ratio, which is "close to the line of constitutional impropriety," and attorneys' fees in the amount of forty percent, the total amount in controversy would still fall short of the threshold requirement by over $69,000.00 with a sum of $5,600.53. If attorneys' fees were applied at forty percent, the Court would need to approve a 66-1 ratio of punitive damages in order to meet the threshold amount in controversy, which would also contradict *Campbell*'s guidance and likely fall short of due process requirements. Further, the Kentucky Trial Court Review's punitive damage verdict awards from 2004 to 2019 reveal that no Kentucky state juries

have awarded more than $5,000.00 in punitive damages when plaintiff's compensatory damages are equal to or lesser than $10,000.00.

Thus, the application of well-established law to the face of the Complaint establishes that the sum of damages will not exceed $75,000.00, obviating any need for further review and mandating remand to state court.

> **b. Defendant's Notice of Removal is Deficient in that it Relies on Aggregation of Putative Class Claims and Otherwise Fails to Support its Conclusory Averment Regarding the Amount in Controversy.**

Kentucky Rule of Civil Procedure 8.01 precludes Plaintiffs from specifying a particular sum of unliquidated damages in the Complaint (Doc. 10, Page ID# 280) and such omission triggers the process for establishing the amount in controversy under § 1446(2)(A)-(B) by a "preponderance of the evidence."  The removing party carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *Crump v. WorldCom, Inc.*, 128 F. Supp. 2d 549, 552 (W.D. Tenn. 2001); *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). While the burden of establishing the amount in controversy lies with the Defendant, Kentucky Rule 8.01(2) vests with "all parties the right to advise the trier of fact as to what amounts are fair and reasonable as shown by the evidence."

A defendant who is faced with an indeterminate state court complaint should make an independent inquiry as to the extent of the plaintiff's damages prior to filing the notice of removal. *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1309 (E.D. Ky. 1990). A defendant cannot satisfy this burden merely by averring that the amount-in-controversy requirement is met. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993).  Under the Kentucky Civil Rules, defendants may obtain information as to the

amount claimed through pre-removal interrogatories, requests for admissions, or depositions.  Ky. R. Civ. P. 8.01; *Cole, supra,* 728 F. Supp. at 1309.

Defendant's Notice of Removal (Doc. 10) claims that this Court has diversity jurisdiction because Plaintiffs "seek compensatory damages, noting the $861.62 ticket price, punitive damages, and seek to represent a class they believe 'will consist of more than a thousand members,' satisfying the $75,000 amount in controversy requirement." (Doc. 1, Page ID# 2).  This statement, which Defendant cites as its "Basis for Removal," curiously includes a clause stating the putative class "will consist of more than a thousand members."  The well-settled rule in diversity class actions is that "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement," and as such, the number of putative class members is wholly irrelevant to a determination of damages for purposes of removal under 28 U.S.C. § 1332. *Snyder v. Harris*, 394 U.S. 332, 336 (1969).  Despite this, Defendant's own words at the time of removal evidence its improper reliance on aggregation of putative class members' claims.

At the time of the petition for removal, Defendant had no viable basis for removal and instead, contrary to *Gafford*, improperly averred that the amount-in-controversy requirement was met. *Gafford*, *supra*, 997 F.2d at 155. Notwithstanding its burden to prove the amount in controversy, Defendant provided nothing more than a legally inaccurate basis for removal and supplied no approximation as to the two named Plaintiffs' sum of damages.  No "independent inquiry" as to the extent of Plaintiffs' damages was done prior to filing the notice, nor has any such independent inquiry been done since the filing.  Defendant has propounded no pre-removal interrogatories, nor served any discovery requests to obtain information as to the amount in controversy.  In

its Response, Defendant states that the removal statute "permits a defendant to assert the amount in controversy in its notice of removal…" *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013). Yet, in its Notice, Defendant fails to make any such assertions or approximations regarding the amount in controversy. Not only is Defendant's Notice of Removal deficient in that it relies on a misapplication of the law regarding aggregation of claims, but Defendant has provided nothing more in its Response to support its approximation to meet its burden of establishing that the threshold amount in controversy has been met.

The "inescapable conclusion" is not that Plaintiffs' claims exceed the requisite amount in controversy, but that the Defendant has failed to meet its burden, and as such, this case must be remanded to state court.

### c. No Common and Undivided Interest Exists Among Putative Class Members, Negating Any Aggregation of Such Claims.

Defendant appears to be arguing that the Court should consider an exception to the bar on aggregation of claims in order to meet the requisite amount in controversy. In Plaintiffs' Motion to Remand, it has been thoroughly detailed that named Plaintiffs and putative class members do not share a "common and undivided interest" such that their claims may be aggregated. (Doc. 7, Page ID # 264-67). Where "putative class [members] have no joint interest other than a shared appetite for a money judgment payable by a single defendant," they do not share "the type of 'common and undivided interest' that warrants an exception to the rule against aggregating claims." *Gilman v. BHC Sec.*, 104 F.3d 1418, 1424 (2nd Cir. 1997); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000)(noting that "the presence of a 'common and undivided interest' is rather uncommon, existing only when the defendant owes an obligation to the group of

plaintiffs as a group and not to the individuals severally"); *see also Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541, 546 (9th Cir. 1985)("[T]he character of the interest asserted depends on the source of plaintiffs' claims. If the claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct.")

> The point of the "common fund exception" is *not to permit plaintiffs to aggregate their claims whenever they share a proprietary interest in the proceeds of litigation*; it is to permit them to aggregate their claims when they jointly own, or have an undivided interest in, property at issue in the litigation. Plaintiffs suing to enforce a "single title or right" *must share their "common and undivided interest" in vindicating that right before the litigation, not as a result of it.*

*Everett v. Verizon Wireless*, 460 F.3d 818, 824 (6th Cir. 2006)(Emphasis added).

In *Everett*, defendant removed the case to federal court on diversity grounds, and plaintiffs, a class of cell phone consumers, moved to remand, contending that the amount in controversy did not reach $75,000.00.  Plaintiffs' motion was denied, and an appeal followed, where plaintiffs successfully argued that the district court never had jurisdiction over the case.  *Id.*  Defendant argued that all claims of punitive damages may be aggregated to satisfy the amount in controversy requirement.  *Id.* at 827.  The Court rejected this argument, citing multiple other Circuits, concluding that "punitive damages sought in a multi-claimant case may not be aggregated because plaintiffs generally have an individual right, not a collective entitlement, to them…" *Id.* at 827.  Because the "putative class members could sue separately for punitive damages, and, whether they prevailed on the merits or not, whether they were awarded punitive damages or not, the rights of subsequent plaintiffs would remain unaffected," "[p]unitive damages claims . . . cannot be deemed the type of single, indivisible res in which . . . multiple plaintiffs share a common and undivided interest that justifies aggregation." *Id.* at 828, citing *Gilman,*

*supra, at* 1430.

Defendant again attempts to shift its burden to Plaintiffs rather than providing evidence to meet it. Absent from Defendant's Response is any case establishing that claims for punitive damages may be aggregated as a "common and undivided interest." Because *Everett* clearly pronounced that punitive damages claims cannot create a common and undivided interest sufficient to justify aggregation, the punitive damages claims by the unnamed class members here may not be aggregated to establish subject matter jurisdiction. There exists no joint ownership of any property interest in this litigation, and instead, the individual contracts between each Plaintiff and the Defendant are the source of the claims. Surely, the putative class members could sue separately for punitive damages and, consistent with *Everett*, regardless of the separate outcomes, the rights of other plaintiffs remain unaffected, including their individualized claim for punitive damages. There is no "single, individual res" here, and under *Everett* and *Gilman*, no putative class claims for punitive damages may be aggregated.

Defendant also appears to argue that damages available for putative claims of unjust enrichment claims somehow may be aggregated to meet the amount in controversy. *Everett* has also rejected this argument, and in citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1264 (11th Cir. 2000), states: "[t]he fact that this recovery may be obtained under an equitable theory of unjust enrichment does not convert separate and distinct claims for damages into a fund in which the class members have a common and undivided interest."

Furthermore, even if Plaintiffs are successful in their claims for unjust enrichment, this does not somehow inflate the range of damages available to them. Plaintiffs may not recover twice for the same violation. *Son v. Coal Equity, Inc.*, 122 F. App'x 797, 802 (6th

Cir. 2004); *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002)(It "goes without saying that courts can and should preclude double recovery.").  Whether Plaintiffs are successful on a theory of breach of contract or unjust enrichment, the damages available for each remain the same: the cost of the tickets.  Because there can be no aggregation of putative claims for punitive damages, nor do the alternative theories of liability entitle Plaintiffs to double recovery, Defendant cannot meet its burden to establish the requisite amount in controversy and the case must be remanded to state court.

## II.   Conclusion

Defendant removed this case to federal District court pursuant to 28 U.S.C. § 1332(a), yet it fails to overcome the strong presumption against removal and fails to meet its burden in demonstrating that the amount in controversy exceeds $75,000.  As such, this Court lacks subject matter jurisdiction, and the matter must be remanded to Kenton Circuit Court.

The face of the Complaint establishes that the amount in controversy for the two named Plaintiffs cannot exceed $75,000.00.   Alternatively, Defendant's Notice of Removal is deficient in that its very structure reveals reliance on misapplication of the law on aggregation and provides nothing more than a conclusory statement that the threshold amount in controversy has been met.  Defendant has neither engaged in any individual inquiry nor has it served any interrogatories to support its averment.  Although the class members share an appetite for compensatory recovery, this is not the "type" of shared interest to permit abrogation of the rule against aggregation, nor do Plaintiffs' claims for unjust enrichment inflate the available damages.

Because Defendant has not met and cannot meet its burden establishing the requisite amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332(a),

subject matter jurisdiction fails.  Accordingly, Plaintiffs respectfully request that this Court grant its Motion to Remand the Case to Kenton Circuit Court.


Respectfully submitted,


*/s/ Jessica N. Wimsatt*
MICHAEL J. O'HARA (KY 52530)
SHEREE E. WEICHOLD (KY 98637)
JESSICA N. WIMSATT (KY 98646)
O'HARA, TAYLOR, SLOAN & CASSIDY
25 Town Center Boulevard, Suite 201
Covington, Kentucky 41017
Phone: (859) 331-2000
Fax: (859) 578-3365
mohara@oharataylor.com
sweichold@oharataylor.com
jwimsatt@oharataylor.com
ATTORNEYS FOR PLAINTIFFS


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Remand Case to Kenton Circuit Court was served on the following counsel of record via ECF this 19th day of January, 2021.

James M. Burd, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 Mallard Creek Road, Suite 250
Louisville, KY 40207

*/s/ Jessica N. Wimsatt*