**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 20-165-DLB-CJS**

**DANYAL SOLOMON, et al.**                                                 **PLAINTIFFS**

**v.**                 **<u>MEMORANDUM OPINION AND ORDER</u>**

**FRONTIER AIRLINES, INC.**                                            **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court upon Plaintiffs' Motion to Remand to Kenton Circuit Court (Doc. # 7). Defendant Frontier Airlines, Inc. has responded in opposition, (Doc. # 10), and Plaintiffs have replied, (Doc. # 11). For the reasons set forth below, Plaintiffs' Motion is **granted**.

Plaintiffs Danyal Solomon and Amelia Solomon allege that Frontier Airlines engaged in unfair and deceptive practices to avoid paying refunds for flights that were cancelled due to the coronavirus pandemic. (Doc. # 1-2 ¶¶ 1-7). Acting on behalf of a putative class of similarly situated individuals, Plaintiffs brought claims under the Kentucky Consumer Protection Act and Kentucky common law in Kenton Circuit Court. (*Id.* at 13-16). In their Complaint, Plaintiffs request "relief for damages incurred as a result of Defendant's failure to refund money paid for Frontier flights that Defendant ultimately cancelled." (*Id.* ¶ 1).

In November 2020, Defendant removed the case to this Court "[p]ursuant to 28 U.S.C. §§ 1332(a), 1441(b) and 1446(a)." (Doc. # 1 at 1). Defendant then filed a Motion to Dismiss Plaintiffs' Complaint for lack of subject-matter jurisdiction and for failure to state

1

a claim, (Docs. # 6 and 6-1 at 7), as well as a Motion to Transfer the case to the United States District Court for the District of Colorado, (Doc. # 5). In response, Plaintiffs have moved to remand this matter to Kenton Circuit Court, asserting that removal jurisdiction is lacking because Defendant has failed to establish an amount in controversy above the $75,000 minimum required in 28 U.S.C. § 1332(a). (Doc. # 7). On Plaintiffs' Motion, the Court stayed the deadlines to respond to Defendant's Motions pending the resolution of the Motion to Remand. (Doc. # 9). The Motion to Remand is now fully briefed, (*see* Docs. # 10 and 11), and ripe for the Court's review.

Remand to Kenton Circuit Court is required in this case, as there is no evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. In its Notice of Removal, Defendant asserts that more than $75,000 is at stake because Plaintiffs allege compensatory damages in the amount of $861.62 (the combined value of the two airline tickets) plus punitive damages, and "seek to represent a class they believe 'will consist of more than a thousand members.'" (Doc. # 1 at 2) (quoting Complaint). A straightforward reading of these allegations in the Notice of Removal suggests that although no individual Plaintiff will recover more than $75,000, the combined value of all the Plaintiffs' claims will exceed that amount. However, it is well-settled that a defendant may not aggregate claims of multiple plaintiffs to reach the jurisdictional threshold under § 1332(a). *See Everett v. Verizon Wireless*, Inc., 460 F.3d 818, 822 (6th Cir. 2006). "While a *single* plaintiff may aggregate the value of her claims against a defendant to meet the amount-in-controversy requirement, . . . the same is not true with respect to *multiple* plaintiffs." *Id.* (internal citation omitted). This rule holds true in the class action context. *See Alinsub v. T-Mobile*, 414 F. Supp.2d 825, 828, 830-32

2

(W.D. Tenn. 2006) (collecting cases). Accordingly, as Defendant's Notice of Removal relies on aggregation of claims by multiple plaintiffs, it does not establish the presence of diversity jurisdiction.[1]

To the extent that the Notice of Removal can be read to allege an amount in controversy exceeding $75,000 for claims of a single Plaintiff (as Defendant insists in its Response brief), that allegation is not plausible on its face and does not withstand Plaintiffs' challenge. When, as here, the plaintiff contests the amount in controversy, "[t]he removing defendant bears the burden of showing that the amount in controversy requirement 'more likely than not' is satisfied." *Beasley v. Wells Fargo Bank, N.A.*, 744 F. App'x 906, 911 (6th Cir. 2018) (quoting *Everett*, 460 F.3d at 822). As the Notice of Removal indicates, each of the named Plaintiffs alleges $430.31 in compensatory damages (the value of one airline ticket) as well as punitive damages. In order to reach an amount greater than $75,000, Plaintiffs would need to recover 174 times the amount of compensatory damages. Despite having the burden of proof on the issue, Defendant provides no argument, let alone evidence, as to why such a large punitive damages ratio would be warranted in this case. Nor is it likely that an award that large would hold up in court. The Supreme Court has noted that a punitive damages award that is merely four times the amount of compensatory damages "might be close to the line of constitutional impropriety." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

In its Response to Plaintiff's Motion to Remand, Defendant argues that each Plaintiff is actually seeking much more than $430.31 in compensatory damages because the Complaint alleges damages in excess of the $5,000 jurisdictional limit in Kenton

---

[1] Although aggregation is permitted under the Class Action Fairness Act, codified in 28 U.S.C. § 1332(d), Defendant has not asserted jurisdiction on this basis.

Circuit Court. (Doc. # 10 at 4) (citing Doc. # 1-2 ¶ 65). According to Defendant, these heightened compensatory damages, combined with punitive damages and attorney's fees, "suffice to satisfy the amount in controversy" for each individual Plaintiff. (*Id.* at 6). "But if a state's procedural rules prohibit plaintiffs from specifying the amount of damages in their complaints, as they do in Kentucky, a defendant must go beyond the pleadings to prove the amount in controversy." *Ramsey v. Kearns*, No. 12-cv-06-ART, 2012 WL 602812, at *1 (E.D. Ky. Feb. 23, 2012). This means that a defendant's claims regarding the amount in controversy "must be supported by 'competent proof,' which can include affidavits, documents, or interrogatories." *Id.* (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Rather than providing such proof, however, Defendant improperly attempts to flip the burden, pointing out that "Plaintiffs fail to admit that they intend to seek less than $75,000." (Doc. # 10 at 4-5); (*see also id.* at 7).

While a defendant "need not show to a legal certainty that the amount in controversy met the federal requirement, it must do more than show a mere possibility that the jurisdictional amount is satisfied." *Everett*, 460 F.3d at 829 (internal quotation marks and alteration omitted). Unsurprisingly, district courts in Kentucky have consistently remanded cases in which the defendant offers nothing more than speculation regarding the amount in controversy, including the likely amount of punitive damages and attorney's fees. *See, e.g.*, *Cloyd v. Fifth Third Bank, Inc.*, No. 1:11-cv-160-JHM, 2012 WL 1906481, at *4 (W.D. Ky. May 25, 2012); *Ramsey*, 2012 WL 602812, at *1. That is the case here. Accordingly,

4

**IT IS ORDERED** as follows:

(1) Plaintiffs' Motion to Remand (Doc. # 7) is **GRANTED** and this matter is hereby **REMANDED** to the Kenton Circuit Court;

(2) Defendant's Motion to Change Venue (Doc. # 5) is **DENIED AS MOOT**;

(3) The decision on Defendant's Motion to Dismiss (Doc. # 6) shall be left to the deliberation of the Kenton Circuit Court; and

(4) This matter is **STRICKEN** from the Court's active docket.

This 30th day of April, 2021.

Signed By:
*David L. Bunning*
**United States District Judge**

J:\DATA\ORDERS\Cov2020\20-165 MOO Granting Mtn. to Remand.docx